564 P.2d 943

William R. LINDSAY, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Pima County Board of Supervisors, Respondent Employer,

Home Insurance Company, Respondent Carrier.

No. 1 CA–IC 1610.

Court of Appeals of Arizona, Division 1, Department C.

March 31, 1977.

Rehearing Denied April 28, 1977.

Review Denied May 24, 1977.

Rabinovitz, Minker & Dix, P. C. by Bernard I. Rabinovitz, Tucson, for petitioner.

John H. Budd, Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.

Everett, Bury & Moeller, P. C. by J. Michael Moeller, Tucson, for respondents, Employer and Carrier.

OGG, Judge.

On June 21, 1974, the petitioner William R. Lindsay suffered a displaced fracture of the left clavicle, the result of a fall in a tumbling exercise at the Sheriff's Academy. Petitioner was subsequently accepted for workmen's compensation benefits by the respondent insurance carrier. On August 22, 1975, the insurance carrier issued a Notice of Claim Status finding no permanent disability, no employment time lost in excess of seven days and terminating temporary partial disability compensation as of August 30, 1974.

Pursuant to a timely request, a formal hearing before the Industrial Commission was held on April 13, 1976. At this hearing the petitioner was represented by counsel, but failed to personally appear as required by Rule 49, Rules of Procedure before the Industrial Commission. The petitioner's presence at the hearing was not waived by the insurance carrier. On April 15, 1976, the Industrial Commission entered its decision dismissing petitioner's request for hearing for failure to appear. This decision was affirmed upon review on July 29, 1976.

Petitioner has brought this action, seeking review of the decision of the Industrial Commission dismissing his request for hearing, and challenging the constitutionality of Rule 49, Rules of Procedure before the Industrial Commission. Petitioner first contends that the terms of Rule 49 are vague and ambiguous and therefore constitute an unconstitutional violation of the due process clause of the fourteenth amendment to the United States Constitution and Art. 2, § 4 of the Arizona Constitution. Rule 49 reads:

> The employee, whether or not represented by an attorney, shall appear personally at any hearing without the necessity of subpoena unless excused by the presiding hearing officer.

The petitioner specifically contends that Rule 49 is void for vagueness in that it fails to make attendance by the employee before the Industrial Commission mandatory and fails to prescribe sanctions for nonattendance.

In *State Compensation Fund v. DeLaFuente*, 18 Ariz.App. 246, 501 P.2d 422 (1972), this court outlined three bases upon which a statute may be declared void for vagueness: 1) the language lacks sufficient legal significance to be capable of intelligent execution; 2) it constitutes an undue delegation of legislative powers; or 3) its operation violates due process under Art. 2, § 4 of the Arizona Constitution. With respect to this third basis, it is the general rule that a statute denies due process of law under the federal and state constitutions if

> [I]t forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. *State v. Cota*, 99 Ariz. 233, 236, 408 P.2d 23, 26 (1965).

Pursuant to this authority and upon a careful reading of Rule 49, it is our opinion that the rule is not unconstitutionally vague or ambiguous. The rule in clear and definite terms requires the attendance of the applicant employee at any hearing regarding his claim before the Industrial Commission; his attendance is mandatory without the need of subpoena and may be excused at the discretion of the hearing officer. Sanctions for violation of this rule

are provided by Rule 57 which is read *in pari materia* with Rule 49. It is difficult for us to imagine a rule more plain and unambiguous in its terms. We find no due process violation.

Petitioner also contends that Rule 49 is unconstitutional as a violation of the equal protection clause of the fourteenth amendment to the United States Constitution and Art. 2, § 13 of the Arizona Constitution since it requires the attendance of the applicant/employee at hearings before the Industrial Commission and does not require the attendance of the employer. Petitioner claims that Rule 49 creates an unreasonable classification between parties to a workmen's compensation claim without valid or reasonable justification and therefore constitutes an equal protection violation.

■ Petitioner has misconstrued the underlying intent and principles of the equal protection clause. Equal protection is not intended to prohibit all unequal or discriminatory treatment, but is intended only to require equal treatment of persons similarly situated in a given class and that this classification itself is reasonable and not discriminatory. Equal protection requires that the classification resulting in unequal treatment be founded upon reason predicated upon a substantial difference between those within and those without the class. See generally, *Edwards v. Alhambra Elementary School District # 63*, 15 Ariz.App. 293, 488 P.2d 498 (1971).

■ Here we are speaking in terms of the class of applicant/employees before the Industrial Commission as opposed to the class of employers. In our opinion this classification is reasonably founded and is not discriminatory. The employee, on the one hand, is the claimant before the Industrial Commission whose physical condition is in issue as the foundation of the claim. It is reasonable to require his presence at the

hearings. The employer, on the other hand, is merely party to the compensation claim whose physical presence is not inherently relevant to the employee's injury claim. If the presence of the employer is significant in any respect it can be commanded by a subpoena pursuant to Rule 41, Rules of Procedure before the Industrial Commission.

Recognizing this distinction between the two classes of persons party to a workmen's compensation claim before the Industrial Commission, we conclude that it is constitutionally permissible to treat these classes differently, and absent evidence that the individual members of a given class are themselves being treated discriminatorily, we find no equal protection violation.

■ Petitioner's final contention is that the hearing officer abused his discretion in denying the request for hearing pursuant to petitioner's failure to attend. Petitioner refers to Rule 57, which allows the hearing officer, in his discretion, to relieve the offending party of sanctions imposed for rule violations "if good cause therefor is shown."[1]

A review of the record discloses that counsel for petitioner failed to establish a sufficient foundation of good cause which would have allowed the hearing officer in his discretion to waive the sanction for non-appearance. The only information in the record with respect to petitioner's whereabouts is a statement made by counsel that petitioner, at the time of the hearing, was in the armed forces stationed in Kentucky. There was no showing of a good faith attempt to secure petitioner's attendance and there was no motion for continuance to facilitate an attempt at obtaining petitioner's attendance.

Despite petitioner's failure to attend and the lack of evidence regarding his whereabouts, counsel was permitted by the hear-

---

1. Rule 57. Sanctions

Any interested party who fails to abide with the provisions of these rules shall not be permitted to represent any evidence at any of the proceedings before the Commission on the claim, or the request for hearing may be dismissed in the discretion of the presiding hearing officer. The presiding hearing officer or the Commission may, in his or its sound discretion, relieve the party of the sanctions imposed for his failure to abide by these rules if good cause therefor is shown.

ing officer to proceed on the merits in the presentation of medical testimony. The hearing officer in his award and findings summarized the testimony as follows:

The applicant's treating physician, orthopedic surgeon Leonard F. Pettier, M.D., testified at the hearing and the evidence adduced from this witness indicated that he last saw the applicant on August 5, 1974, and, based upon his knowledge of the injury, he would not expect a fracture such as the applicant sustained to have resulted in any permanent disability.

It is our opinion that petitioner failed to adequately establish a foundation of good cause sufficient to justify waiver of the dismissal sanction of Rule 57, and we therefore find no abuse of discretion in the Industrial Commission's decision dismissing petitioner's request for hearing based upon petitioner's failure to attend the scheduled hearing.

The award is affirmed.

JACOBSON, P. J. and FROEB, C. J., concur.