621 P.2d 286

**TOWN OF EL MIRAGE, Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Michael Waldon, Respondent Employee.**

**No. 1 CA–IC 2330.**

Court of Appeals of Arizona, Division 1.

Oct. 16, 1980.

Rehearing Denied Nov. 14, 1980.

Review Denied Dec. 9, 1980.

378

Robert K. Park, Chief Counsel, State Compensation Fund by Peter C. Kilgard, Phoenix, for petitioners employer and carrier.

Calvin Harris, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Dorothy Waldon, in pro. per., for respondent employee.

## OPINION

O'CONNOR, Judge.

This review by special action is filed pursuant to A.R.S. § 23–951 by petitioners, the Town of El Mirage, the employer, and the State Compensation Fund, the insurance carrier. Petitioners raise three issues as grounds for setting aside the award: (1) the denial of prehearing discovery and the right of cross–examination of the employee; (2) the determination by the administrative law judge of the jurisdiction question at the same time and in the same award as the merits of the average monthly wage question; and (3) the sufficiency of the evidence to support a finding by the administrative law judge that lifeguarding work is not seasonal.

The respondent employee, Michael Waldon, sustained severe and permanent spinal injuries in a dive into a swimming pool where he was employed as a lifeguard in August, 1978. His claim for workmen's compensation benefits was accepted by the insurance carrier. On October 11, 1978, the respondent, Industrial Commission, issued its notice of independent determination of average monthly wage in the amount of $153.83. A.R.S. §§ 23–1041, 23–1061 F. Six months later an unsigned request for hearing was filed by an attorney for the employee. A hearing was held September 13, 1979, and on October 19, 1979, the Industrial Commission administrative law judge entered her decision finding the average monthly wage to be $615.32. The decision was affirmed by the Commission on review,

and the petitioners thereafter filed a timely petition for special action.

The original administrative determination of average monthly wage was made on the basis that the respondent employee had worked for 31 days as of his injury as a seasonal employee earning $615.32 per month for the summer months. The seasonally adjusted average monthly wage was determined to be $153.83. No request for hearing was filed by the respondent employee within sixty days of the notice of determination of average monthly wage as required by A.R.S. § 23–947. A request for hearing on the amount of the average monthly wage was filed with the respondent Industrial Commission by an attorney for the employee on April 25, 1979, some six months after the notice of determination of the average monthly wage. The Industrial Commission administrative law judge set a hearing date of September 4, 1979. On August 2, 1979, the employee's attorney filed a notice of withdrawal as attorney of record on "mutual consent."

Prior to the withdrawal of the employee's attorney, the petitioner carrier had filed and served on the employee's attorney written interrogatories and a notice of taking of the deposition of the employee. The deposition was reset to August 10, 1979, at the request of the employee's attorney. The employee's attorney withdrew as counsel of record and the employee did not appear for his deposition on August 10. No answers to the written interrogatories were ever filed. Another notice of taking of the employee's deposition was served on the employee for August 23, 1979. The employee did not appear for the deposition on that date. Apparently, counsel for the carrier then made an ex parte oral request to the Industrial Commission administrative law judge for a continuance of the hearing scheduled for September 4, 1979, which was denied. On September 4, 1979, the employee did not appear for the hearing and his mother telephoned to request a continuance, which was granted. The administrative law judge reset the hearing for September 13, 1979. On September 13, the employee did not appear; however, his mother, Dorothy Waldon, appeared and testified. Counsel for the petitioner carrier orally moved to dismiss the employee's request for hearing based on the employee's failure to appear, his failure to answer the interrogatories, and his failure to appear for his deposition. The administrative law judge took the motion under advisement and proceeded with the hearing. The only evidence at the hearing was the testimony of the employee's mother.

The findings and decision of the administrative law judge were issued October 19, 1979, and included the following:

The applicant was employed as a lifeguard for the defendant employer. As a result of diving into the five foot section of the pool and hitting his head, applicant is a quadriplegic. Prior to said summer employment, applicant was a student at a community college and worked part time at various jobs, although he had never been a lifeguard before.

\*     \*     \*     \*     \*     \*

There is no dispute that from the date of the industrial episode, August 9, 1978, the applicant required extensive medical treatment and was disabled. It is also noted that beginning in January of 1979, applicant's mother has contacted The Industrial Commission of Arizona by phone and letters protesting the handling of applicant's claim. The circumstances in this case are unique in that applicant must be aided in his daily activities and obviously cannot answer Interrogatories, attend a deposition and/or hearing without the aid of another person. It is therefore concluded herein that applicant's physical impairments and/or inabilities, which are attributable to the industrial episode of August 3, 1978 are of such a catastrophic nature as to cause the undersigned Hearing Officer to exercise her discretion and *excuse applicant's non–appearance at the hearing herein and at the scheduled deposition, as well as his failure to answer Interrogatories propounded to him,* especially since the period of employment and the money paid to applicant during his employ are not in dispute. *Rule* 57, *R.Proc. I.C.A.* (*A.C.R.C.* R4–13–157).

\*     \*     \*     \*     \*     \*

Applicant was just three credits short of receiving his Associate Arts Degree when he sustained his industrial injury. Whether he intended to continue his education at a four year college after the summer of 1978 would be immaterial .... Other than applicant's mother's testimony that applicant did intend to continue working as a lifeguard on a full time basis (applicant had held various jobs on a part time basis while attending school) and that swimming classes were held all year round and the fact that Arizona is a resort type area which has pools open all year that might need a lifeguard, no evidence was introduced by the insurance carrier to show that such work is not available on a twelve month basis ....

    \*     \*     \*     \*     \*     \*

Applicant's average monthly wage at the time of injury was $615.32 and said amount is to be used retroactively from the first date of entitlement. (Emphasis added)

Petitioners urge that the administrative law judge abused her discretion in denying their oral motion to dismiss the request for hearing based on the employee's failure to appear at the hearing, and failure to answer the interrogatories or to appear for his deposition. A.R.S. § 23–941 F provides:

Except at otherwise provided in this section and rules or procedure established by the commission, the hearing officer is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure and may conduct the hearing in any manner that will achieve substantial justice.

■ Despite the informality of the conduct of hearings by the Industrial Commission, "their hearings must still be conducted consistently with fundamental principles which inhere in due process of law," *Cash v. Industrial Commission*, 27 Ariz.App. 526, 532, 556 P.2d 827, 833 (1976). *See also International Metal Products Division of McGraw–Edison Company v. Industrial Commission*, 99 Ariz. 73, 406 P.2d 838 (1965).

A.C.R.R. R4–13–145 B provides:

If a party ... willfully fails to appear before an officer who is to take his deposition after being served with the proper notice, or fails to serve answers to interrogatories after proper service of such interrogatories, the presiding hearing officer *on motion and notice* may strike out all or any part of the pleading of that party, dismiss the action or proceeding or any part thereof, order the suspension or forfeiture of compensation, or preclude the introduction of evidence. (Emphasis added)

A.C.R.R. R4–13–149 provides:

The employee, whether or not represented by an attorney, shall appear personally at any hearing without the necessity of subpoena unless excused by the presiding hearing officer.

Petitioners did not apply to the administrative law judge prior to the hearing for an order compelling the employee to answer the interrogatories or to attend his deposition, as they could have done under A.C. R.R. R4–13–145 A, nor did they file a written motion to dismiss the request for hearing and give notice of the motion to the employee, as is contemplated by A.C.R.R. R4–13–145 B.

A.C.R.R. R4–13–157 provides:

Any interested party who fails to abide with the provisions of these rules shall not be permitted to present any evidence at any of the proceedings before the Commission on the claim, or the request for hearing may be dismissed in the discretion of the presiding hearing officer. The presiding hearing officer or the Commission may, in his or its sound discretion, relieve the party of the sanctions imposed for his failure to abide by these rules if good cause therefor is shown.

■ The only evidence in the record of the September 13 hearing concerning the reasons for the respondent employee's absence from the hearing is the statement of his mother that "he isn't feeling well." The administrative law judge excused the employee's failure to appear at the hearing, as

well as his failures to respond to the interrogatories and to appear for his deposition because of the "catastrophic nature" of his injuries. The testimony of the employee's mother at the hearing disclosed that the employee was attending classes at Arizona State University in September, 1979, notwithstanding his injury. We find that the petitioners were deprived of a substantial procedural right to cross–examine the employee at the hearing which he had requested, and that it was an abuse of discretion by the administrative law judge to relieve the employee from the imposition of sanctions for his failure to attend the September 13 hearing without sufficient evidence to establish the reasons for his absence that date. *See Lindsay v. The Industrial Commission,* 115 Ariz. 254, 564 P.2d 943 (App. 1977). The mere conclusion of the employee's mother that he was not feeling well is insufficient in our opinion to establish good cause for proceeding with the hearing in the employee's absence. The prejudice to petitioners by the denial of the right to cross–examine the employee was compounded by the failure of the administrative law judge to rule on the motion to dismiss at the time of the hearing. We further find, however, that it was not an abuse of discretion by the administrative law judge to subsequently deny the petitioners' oral motion to dismiss insofar as it was based on the failure of the employee to attend his deposition and to answer the written interrogatories inasmuch as the petitioners did not file a written motion to dismiss on such grounds and give notice of the motion to the employee as is required by A.C.R.R. R4–13–145 B.

Petitioners also argue that the determination of the administrative law judge must be set aside because the administrative law judge may not resolve the merits of the claim until the preliminary jurisdictional questions have been resolved, citing *Kleinsmith v. Industrial Commission,* 26 Ariz.App. 77, 546 P.2d 346 (1976), *approved and adopted in* 113 Ariz. 189, 549 P.2d 161 (1976). The holding of *Kleinsmith* is that only if a claimant can demonstrate a "meritorious reason" for failing to make a timely request for a hearing within 60 days may the administrative law judge waive the untimeliness of the request and reach a determination on the merits of the claim. An untimely request for hearing may be waived in the discretion of the administrative law judge when the following conditions are present: 1) the delay is not excessive; 2) the delay is not unfair in its consequences to the other party; and 3) there is a meritorious reason for the late filing. *Janis v. Industrial Commission,* 111 Ariz. 362, 529 P.2d 1179 (1974); *Chavez v. Industrial Commission,* 111 Ariz. 364, 529 P.2d 1181 (1974); *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972); *Andrew v. Industrial Commission,* 118 Ariz. 275, 576 P.2d 134 (App.1978); *Judd v. Industrial Commission,* 23 Ariz.App. 254, 532 P.2d 196 (1975).[1]

1. A.R.S. § 23–947 was amended by Laws, 1980, 2nd Reg. Sess., Ch. 246, effective July 31, 1980, and now reads as follows:

A. A hearing on any question relating to a claim shall not be granted unless the employee has previously filed an application for compensation within the time and in the manner prescribed by § 23-1061, and such request for a hearing is filed within ninety days after the notice sent under the provisions of subsection F of § 23-1061 or within ninety days of notice of a determination by the commission, insurance carrier or self–insuring employer under § 23–1047 or § 23–1061 or within ten days of all other awards issued by the commission.

B. As used in this section, "filed" means that the request for hearing is in the possession of the commission. Failure to file with the commission within the required ninety days by a party means that the determination by the commission, insurance carrier or self–insuring employer is final and res judicata to all parties. The industrial commission or any court shall not excuse a late filing unless any of the following apply:

1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier.

2. At the time the notice is sent the person to whom it is sent is suffering from insanity or legal incompetence or incapacity, including minority.

3. The person to whom the notice is sent shows by clear and convincing evidence that the notice was not received. The late filing shall not be excused under this subsection if

There were no express findings made in the October 19, 1979, decision of the administrative law judge concerning the untimely request and the length of the delay and the consequences to the carrier. In the decision upon review by the Commission, it was noted that the employee was hospitalized when the determination of average monthly wage was made, and that the carrier was not prejudiced by the absence of the employee or his failure to attend his deposition and answer interrogatories. The testimony of the employee's mother at the hearing concerning the reasons for the delay in filing the request for hearing was as follows:

"Q. You say you remember getting that Notice of Average Monthly Wage?

A. Yes.

Q. The reason nothing was done about it so far as you were concerned was because it just wasn't–in other words, money just wasn't that important at that time?

A. Right.

Q. It was not until you then retained counsel, Mr. Philips I guess it was, in the spring of I guess '79–

A. Yes.

Q. –that he advised that he thought that should be protested, right?

A. Right. Well, we had wondered about it because of Mike's wages, but we had never–that's all we had done was wonder about it."

■ There was no testimony from the employee. Findings concerning the conditions which must be met in order to enable the administrative law judge to waive the requirement of a timely request for hearing should have been made based on sufficient evidence. If all the conditions are determined to have been met, and if the administrative law judge waives the untimeliness of the request for hearing, then a determination may be made on the merits of the

questions raised. Inasmuch · as findings were not made on all three of the conditions for the waiver, and there was not sufficient evidence on which to base a finding that a meritorious reasons existed for the late filing, the award must be set aside.

Because of the possibility that the matter may eventually proceed to another hearing on the merits of the question, we shall also comment upon petitioners' argument concerning the sufficiency of the evidence to support the finding that the employee was not engaged in seasonal employment. The administrative law judge's findings included a finding that "Arizona is a resort type area which has pools open all year that might need a lifeguard."

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Rule 201(b), Arizona Rules of Evidence. Before a court or quasi–judicial body, such as the Industrial Commission, can take judicial notice of a fact, the basic requirement must be met, to–wit: A fact to be judicially noticed must be certain and indisputable, requiring no proof, and no evidence may be received to refute it. *Utah Construction Co. v. Berg*, 68 Ariz. 285, 291, 205 P.2d 367, 370 (1949).

■ The question of whether employment as a lifeguard was seasonal employment was one of the primary questions to be determined at any hearing conducted on the merits of this case. It is not a question as to which the administrative law judge could take judicial notice of the facts. There was no evidence in the record on which the administrative law judge could determine the seasonal nature of the employment. The burden of proof as to

the person to whom the notice is sent or his legal counsel knew or, with the exercise of reasonable care and diligence, should have known of the fact of the notice at any time during the filing period. The late filing shall not be excused under this subsection if it is

shown by clear and convincing evidence that the notice was sent by mail or delivered personally to the last known mailing address or place of residence of the person to whom it is addressed and to his legal counsel, as shown on the records of the commission.

whether the original determination of the average monthly wage was improper was on the employee who had requested the hearing. *Floyd Hartshorn Plastering Co., Inc. v. Industrial Commission,* 22 Ariz.App. 603, 529 P.2d 1197 (1974). In the absence of any evidence on the issue, the administrative law judge would have no basis to modify the original determination.

> [The employee's] earning capacity is not to be determined by whether he intended to work steadily in the industry in which he is employed. The test is whether the employment not the worker is intermittent or erratic.

*Miller v. Industrial Commission,* 113 Ariz. 52, 54, 546 P.2d 19, 21 (1976).

In the event that a determination were to be made that the employment was seasonal, the Industrial Commission has some discretion in determining the amount of the average monthly wage. *Gene Autry Productions v. Industrial Commission,* 67 Ariz. 290, 195 P.2d 143 (1948); *Dominquez v. Industrial Commission,* 22 Ariz.App. 578, 529 P.2d 732 (1974); *Shaw v. Industrial Commission,* 17 Ariz.App. 37, 495 P.2d 477 (1972), *vacated on other grounds,* 109 Ariz. 401, 510 P.2d 47 (1973). *Cf. Powell v. Industrial Commission,* 104 Ariz. 257, 451 P.2d 37 (1969) (where average monthly wage of teacher under 9 month contract held properly determined by dividing the contract salary by 9 rather than 12).

The award is set aside so that it may be reconsidered in light of the guidelines set forth herein.

OGG, P. J., and DONOFRIO, J., concur.