741 P.2d 1230

**Jarenell BROWN, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Bechtel Construction, Inc., Respondent Employer,**

**Industrial Indemnity Company, Respondent Carrier.**

**No. 1 CA–IC 3638.**

Court of Appeals of Arizona, Division 1, Department B.

June 30, 1987.

Ely, Bettini & Ulman by Joseph M. Bettini, Phoenix, for petitioner employee.

Dennis P. Kavanaugh, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover Killingsworth & Beshears by Donald L. Cross, Larry L. Smith, Phoenix, for respondent employer & carrier.

OPINION

KLEINSCHMIDT, Judge.

This is a special action review of an Industrial Commission award dismissing the hearing request of the employee (claimant) because she failed to appear at the first scheduled hearing. We must decide whether the administrative law judge abused his discretion by imposing this sanction. We find an abuse of discretion and therefore set aside the award.

The claimant was injured at work on September 15, 1985, when she stepped into a hole, fell, and injured her right side from

her neck to her leg. Compensability was accepted. The treating physician, David Dinin, D.O., provided medication and physical therapy. In November 1985, Dr. Dinin referred the claimant to orthopedic surgeon Ranjit S. Bisla, M.D., who suspected disc pathology and recommended further diagnostic study.

Also in November 1985, the respondent carrier, Industrial Indemnity, arranged an independent evaluation by Richard H. Daley, M.D., who concluded that the industrial injury was stationary without permanent impairment. Relying on this opinion, Industrial Indemnity issued a termination notice of claim status.

The claimant personally protested by letter and subsequently submitted a formal hearing request. On March 21, 1986, a hearing notice was issued scheduling a hearing for June 5, 1986. The claimant received the hearing notice, and on April 29, 1986, retained her current counsel.

Pending the hearing, the claimant attended a deposition and independent medical examinations scheduled by Industrial Indemnity. Subpoenas were granted for the three medical experts. Drs. Bisla and Daley, however, were unable to attend the June 5, 1986 hearing.

On June 5th, the claimant failed to appear for the scheduled hearing. Industrial Indemnity moved to dismiss, but the administrative law judge heard Dr. Dinin's testimony and extended time to the claimant's counsel to explain her absence. Dr. Dinin testified that he was still treating the industrial injury and agreed with Dr. Bisla's recommendation for further diagnostic study. At the close of this hearing, both parties renewed their requests for the other medical experts.

The claimant's attorney timely submitted a letter to explain the absence:

I have discussed with Jarenell Brown her absence at the June 5, 1986 hearing in the above matter. She explained to me the following: when we first conferred about this matter on April 1, 1986, she had received the notice of hearing several days earlier. She brought it to me along with other papers regarding her claim and left them all with me. As a result, from April 1, 1986 forward, she did not have the notice in her possession. Nor did she have any other reminder of the date of the hearing. Our office procedure is to send out the notice with a letter immediately after receiving the same in the mail. Since we did not receive it in the mail in this case, we sent no letter or other reminder to Ms. Brown. Since Ms. Brown lives in Tonopah and has no telephone or any message telephone near her, we were not able to contact her shortly before the hearing, as we sometimes do to remind our clients about the date and time of the hearing.

We think that her inability to remember the date of the hearing without a second reminder is understandable under these facts, and we certainly are assured that she had no intention of ignoring the hearing or abandoning her claim.

We request that another hearing be set for the taking of Ms. Brown's testimony along with the remaining medical expert testimony.

The administrative law judge then issued the award dismissing the hearing request. The dispositive finding states:

3. That applicant failed to appear at the hearing set at his [sic] request and his [sic] presence was not excused pursuant to the Rule, and applicant has failed to present any evidence in support of his [sic] REQUEST FOR HEARING, and accordingly has not sustained his [sic] burden of proof.

On administrative review, the claimant submitted an affidavit, which added the following information concerning her absence:

That in approximately March of 1986, she had been served with a Summons and Complaint in a foreclosure action intended to legally foreclose all her rights in her residential property, and that the said foreclosure action was of great concern and a source of considerable anxiety and distraction, and this fact may well have been the cause, or a cause, of her forgetting the aforesaid date of the Industrial Commission hearing....

The administrative law judge summarily affirmed his award. This special action followed. On review, the claimant asserts that the dismissal was an abuse of discretion. We agree.

A claimant is obligated to appear at the hearing he or she requested. *See* Arizona Administrative Code R4–13–149 [hereinafter Rule 49]. The sanctions for violating procedural rules such as Rule 49 include dismissal of the hearing request. *See id.* –157 [hereinafter Rule 57]. Rule 57, however, invests the administrative law judge with "sound discretion ... [to] relieve the party of the sanctions imposed for his failure to abide by these rules *if good cause therefor is shown.*" *Id.* (emphasis added).

The case law reinforces, rather than confines, this discretion. Of the three cited cases, only one was set aside for an abuse of discretion. *See Town of El Mirage v. Industrial Comm'n,* 127 Ariz. 377, 621 P.2d 286 (App.1980), where the claimant, who was quadriplegic as a result of the industrial injury, had protested an average monthly wage determination late, had not answered interrogatories, and had failed to attend his deposition. He then missed the scheduled hearing because he wasn't "feeling well." *Id.* at 380, 621 P.2d at 289. Although the record established that the claimant was then attending university classes, the administrative law judge relieved him of all sanctions because of the "catastrophic nature" of the injury and resolved the merits in the claimant's favor. *Id.* at 381, 621 P.2d at 290. Because this ruling completely frustrated any inquiry of the claimant, this court found an abuse of discretion. *Id.*

The other two cases affirm awards reaching opposite results. In the first, the administrative law judge dismissed the hearing request. *See Lindsay v. Industrial Comm'n,* 115 Ariz. 254, 564 P.2d 943 (App.1977). The only explanation provided for the claimant's absence was that he was in the military and stationed out-of-state. There had been no attempt to obtain the claimant's presence and no request for a continuance for this purpose. Furthermore, the claimant's own medical witness testified that the industrial injury had not caused a permanent impairment. This court found no abuse of discretion. *Id.* 256–57, 564 P.2d at 945–46.

In the second case, the administrative law judge initially dismissed the hearing, but after hearing the claimant's explanation, he rescinded the dismissal. *See Tucson Electric Power Co. v. Industrial Comm'n,* 139 Ariz. 80, 676 P.2d 1138 (App. 1983). The petitioner had misplaced the hearing notice during a move, had been working full time, and had mistakenly believed that the deposition must be signed before the hearing could take place. On review, this court rejected a general rule that good cause requires more than inadvertence. Rather, given the drastic consequence of dismissal, the court concluded that this explanation fell within the spectrum of administrative discretion. *Id.* at 83, 676 P.2d at 1141.

■ The explanation in the present case falls within this same range: it permitted but did not compel relief from the sanction of dismissal. We disagree, however, that the explanation for the failure to appear is the exclusive focus. In our opinion, although "good cause" under Rule 57 requires some explanation for the failure to appear, it also requires a consideration of other factors which may relieve the claimant of the sanction of dismissal. The cases consider several additional factors: (1) whether or not there is a pattern of failure to cooperate, e.g., the claimant's failure to answer interrogatories and appear for a deposition in *Town of El Mirage;* (2) whether or not counsel acted with due diligence, e.g., the failure to make any attempt to obtain the claimant in *Lindsay;* (3) whether or not there is some evidence presented to support the claimant's case, e.g., the absence of supporting medical evidence in *Lindsay;* and (4) whether or not the employer/carrier has suffered prejudice, e.g., the complete frustration of discovery and cross-examination in *Town of El Mirage.* The procedural context is also relevant—for example, whether or not a continued hearing would have been independently necessary and the scheduled

hearing could proceed to other witnesses. This is especially true when the issue in dispute is a technical medical question.

 In the present case, these additional factors strongly preponderate against dismissal. The claimant cooperated by hiring counsel and by attending her deposition and independent medical examinations. Dr. Dinin's testimony would have supported her claim for continuing benefits. A continued hearing would have been necessary for the other medical witnesses. Industrial Indemnity has never specified how it would be prejudiced if the claimant were allowed to testify at this continued hearing.

We therefore conclude that the totality of circumstances established good cause under Rule 57. The dismissal was an abuse of discretion.

Award set aside.

EUBANK and JACOBSON, JJ., concur.