NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAVIER A HERNANDEZ FLORES, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

B & C TREE SERVICE, *Respondent Employer,*

COPPERPOINT MUTUAL INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 14-0069
FILED 6-4-2015

Special Action – Industrial Commission

ICA Claim No. 20092-440184

Carrier Claim No. 0914077

The Honorable Paula R. Eaton, Administrative Law Judge

**AFFIRMED**

COUNSEL

Javier A. Flores-Hernandez
*Pro Se Petitioner*

The Industrial Commission of Arizona, Phoenix
By:  Andrew F. Wade, Chief Counsel
*Counsel for Respondent*

Copperpoint Mutual Insurance Company, Phoenix
By Chiko Swiney
*Counsel for Respondent Employer/Respondent Carrier*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Michael J. Brown joined.

---

**G E M M I L L**, Judge:

**¶1** Javier A. Hernandez Flores[1] seeks special action review of the Industrial Commission of Arizona's ("ICA") dismissal of his request for hearing. The ICA dismissed his request for hearing as a sanction for failure to appear at two depositions scheduled by Copperpoint Mutual Insurance ("Carrier"). For the reasons that follow, we affirm.

**BACKGROUND**

**¶2** In August 2009, Flores sustained an industrial injury while working as a tree trimmer for B & C Tree Service ("Employer"). His claim was accepted, and in March 2014, a Notice of Claim Status was issued, closing the claim with a permanent disability. On May 23, 2014, Flores filed a request for hearing to seek additional payment for medical expenses. A hearing was scheduled for September 2014.

**¶3** Carrier/Employer scheduled a deposition for July 16, 2014. Written notice of the time and date of the deposition, in addition to a letter written in Spanish and giving instructions for contacting Carrier/Employer's counsel, was mailed to Flores in June 2014. Flores did not contact defense counsel and did not appear at the deposition.

---

[1] The record contains documents referring to the petitioner-claimant variously as "Javier Flores-Hernandez," "Javier Hernandez Flores," "Javier Hernandez-Flores," and "Javier Flores." This court desires to use the most correct name, but the record does not clearly reveal which of these is most correct. The opening brief is signed by "Javier Flores" and we will therefore refer to the petitioner-claimant as "Flores" in this decision.

¶4　　　　Carrier/Employer moved to dismiss the request for hearing, but then rescheduled the deposition for August 2014. Carrier/Employer also filed a motion asking the Administrative Law Judge ("ALJ") to compel Flores to appear for the August deposition. The ALJ granted the motion to compel and issued an order on July 24, 2014. The order directed Flores to appear at the deposition and informed him that failure to do so "may result in the dismissal of [his] Request for Hearing dated May 23, 2014." On the same day, a second letter was mailed to Flores, notifying him of the rescheduled deposition and containing instructions, in Spanish, for Flores to contact defense counsel.

¶5　　　　Flores again failed to contact defense counsel or appear at the deposition, and Carrier/Employer renewed their motion to dismiss. On August 12, 2014, the ALJ issued an Award Dismissing Request for Hearing, finding that Flores failed to show good cause for his refusal to cooperate with discovery requests. Because Flores "willfully failed to participate" in the proceedings, the ALJ determined that dismissal was the appropriate sanction under *Brown v. Industrial Commission*, 154 Ariz. 252, 741 P.2d 1230 (App. 1987).

¶6　　　　Two days later, Flores filed a one-page petition for review. He explained that the reason he failed to appear at the depositions was that he "was told not to go because they would call the police" on him. Flores did not identify who told him not to go nor who would likely call the police on him. Carrier/Employer filed a response, and the ALJ summarily affirmed her dismissal of Flores's request for hearing as fully supported by the evidence. Hernandez timely filed this special action challenging the decision upon review. This court has jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

¶7　　　　When reviewing an ICA award, we defer to the ALJ's factual findings, but independently review questions of law and legal conclusions. *Kwietkauski v. Indus. Comm'n*, 231 Ariz. 168, 170, ¶ 9, 291 P.3d 365, 367 (App. 2012). We will view the evidence and all inferences therefrom in the light most favorable to upholding the award, and affirm if the award is "reasonably supported by the evidence." *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

¶8 Arizona's Workers' Compensation rules require that a party comply with reasonable discovery requests. *See* Ariz. Admin. Code ("A.A.C.") R20-5-145 and -157. When a party fails to appear at a deposition of which he has proper notice, an ALJ has discretion to impose sanctions against that party, including dismissal of the party's request for hearing. A.A.C. R20-5-145(E)(2). If, however, the party is able to establish good cause for failure to appear at a scheduled deposition, dismissal may be considered an abuse of discretion. *Brown*, 154 Ariz. at 255, 741 P.2d at 1233. The burden of proving all elements of an ICA claim, including good cause for failure to appear, lies with the claimant. *See id.* at 254, 741 P.2d at 1232.

¶9 The ALJ determined that Flores twice failed to call the defense lawyer or appear for his deposition, even after being ordered to attend the August deposition, and that Flores was unable to provide a timely excuse his for refusal to appear. The ALJ correctly concluded that this course of conduct amounted to a pattern of willful failure to comply with discovery requests. *See id.* (considering whether there was a "pattern of failure to cooperate," including failure to appear at depositions). As far as the record reveals, all documents were sent to the address on record for Flores, and he does not allege that he failed to receive proper notice of the time and place of the depositions. Instead, he asserts that he was fearful someone would "call the police on him" if he attended, but does not explain who threatened to call the police or why. Furthermore, his petition for special action offers no additional evidence that his failure to appear was supported by good cause. Accordingly, the ALJ did not abuse her discretion on this record by imposing the sanction of dismissal.

## CONCLUSION

¶10 Finding no abuse of discretion or legal error, we affirm the ALJ's dismissal of the request for hearing.



Ruth A. Willingham · Clerk of the Court
FILED: ama