NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

ISIBRO O. OCHOA, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CONTRACTORS RESOURCE, INC., *Respondent Employer,*

TRAVELERS PROPERTY CASUALTY CO OF AMERICA, *Respondent Carrier.*

No. 1 CA-IC 15-0034
FILED 4-26-2016

Special Action – Industrial Commission
ICA Claim No. 20133-540257
Carrier Claim No. 127CBTY7326A

Rachel C. Morgan, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Isibro O. Ochoa, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Lundmark, Barberich, LaMont & Slavin, Phoenix
By R. Todd Lundmark
*Counsel for Respondents Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

---

**N O R R I S**, Judge:

**¶1**        This is a special action review of an Industrial Commission of Arizona award ("original decision") and decision upon review supplementing and affirming the original decision entered by the administrative law judge ("ALJ") dismissing the request for hearing filed by Petitioner Isibro O. Ochoa because he failed to appear at the hearing scheduled on his request for hearing and, further, failed to present any evidence supporting his workers' compensation claim. Based on our review of the record, the ALJ did not abuse her discretion in dismissing Ochoa's hearing request. *Brown v. Indus. Comm'n*, 154 Ariz. 252, 254, 741 P.2d 1230, 1232 (App. 1987) (ALJ has discretion to relieve claimant of dismissal sanction for failing to appear at hearing); Ariz. Admin. Code ("A.A.C.") R20-5-149(A) (claimant obligated to appear at hearing he or she requested); A.A.C. R20-5-157(B) (ALJ may exercise discretion to relieve party of sanctions for failure to follow rules if "good cause" shown).

**¶2**        On December 19, 2014, Ochoa requested a hearing challenging the Respondent Carrier's refusal to authorize shoulder surgery. The ICA Claims Division treated Ochoa's request as a request for a hearing pursuant to Arizona Revised Statutes ("A.R.S.") section 23-1061(J) (2016). On January 27, 2015 the ALJ sent Ochoa a letter acknowledging his hearing request and informing him that, as the "applicant," he bore the burden of proof regarding his claim.  The ALJ also informed Ochoa regarding the process for the submission of evidence.  That same day, the ALJ issued a notice scheduling a hearing on Ochoa's request for April 7, 2015.  Although the record reflects Ochoa received the notice, he failed to appear at the hearing.  At the request of the Respondent Carrier and the Respondent Employer, the ALJ "inferred" Ochoa had decided to abandon his request

2

for hearing because he had failed to appear. Accordingly, the ALJ dismissed Ochoa's request for hearing.

**¶3** Ochoa filed a request for review, explaining he had confused the date of the hearing, had been distracted by other matters, and had been sick on the day of the hearing although he did not support this latter assertion with any evidence. The ALJ found these explanations failed to constitute good cause to relieve Ochoa from the dismissal. And, although inadvertence may permit relief from a dismissal, the ALJ also found Ochoa had not pursued his claim with due diligence and had not filed evidence "in support of his claim" that he needed surgery related to his industrial accident as he had alleged in his request for hearing.

**¶4** The ALJ correctly recognized Ochoa's failure to file evidence in support of his claim had prejudiced the Respondent Carrier and Respondent Employer because they had not received "information concerning his position." *See Brown*, 154 Ariz. at 254-55, 741 P.2d at 1232-33 (although inadvertence may permit relief from dismissal, dismissal sanction may still be appropriate if "there is [no] evidence presented to support the claimant's case," the claimant failed to act with due diligence, and the employer/carrier has suffered prejudice). Without such evidence, as the ALJ also correctly recognized, Ochoa would have been unable to "substantiate that he is entitled to surgery related to his industrial injury."

**¶5** Under these circumstances, the ALJ did not abuse her discretion in dismissing Ochoa's request for a hearing. *W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 527-28, 647 P.2d 657, 658-59 (App. 1982) (unless industrial accident causes injuries that are obvious to a layman, expert medical evidence is required to establish a causal relationship between accident and its alleged consequences).

**¶6** For the foregoing reasons, therefore, we affirm the award.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama