NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

BERNICE M. SANDERS, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

BOWIE INVESTMENT GROUP, INC., *Respondent Employer*,

AMERICAN LIBERTY INSURANCE CO / S & C CLAIMS SVC,
*Respondent Carrier*.

No. 1 CA-IC 15-0060
FILED 5-19-2016

---

Special Action - Industrial Commission
ICA Claim No. 20143-530186
Carrier Claim No. 14562184

Anthony Halas, Administrative Law Judge

**AWARD SET ASIDE**

---

COUNSEL

Bernice M. Sanders, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent ICA*

Lundmark, Barberich, La Mont & Slavin, P.C., Tucson
By Eric W. Slavin
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Presiding Judge:

¶1        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review granting the motion to dismiss filed by the respondent employer Bowie Investment Group, Inc. ("Bowie") and the respondent carrier American Liberty Insurance Co / S & C Claims Svc (the "carrier").[1]  For the following reasons, we set aside the award and decision upon review.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Claimant Bernice M. Sanders was employed by Bowie as a home health care worker when she injured her shoulder.  She filed a worker's report of the injury in December 2014, listing her then-current address (the "old address").  After the carrier denied her claim, Sanders requested a hearing with the ICA.  In April 2015, Sanders provided Respondents with her new address (the "updated address").  Apparently, Respondents mis-transcribed the updated address by missing one digit in the street number, and forwarded the wrong address to the ICA; as a result, ICA's notice of a hearing on June 12, 2015 (the "June hearing") was returned as undeliverable.[2]  Nevertheless, Sanders did appear at the June hearing and, with Respondents present, provided Administrative Law Judge ("ALJ") Marwil and Respondents with the updated address.  At that hearing, ALJ Marwil indicated she would set further hearings for the

---

[1]        Bowie and the carrier are collectively referred to as "Respondents."

[2]        Sanders apparently received two letters from Respondents sent to this wrong address.  But the record is unclear how Sanders received notice of the June hearing.

testimony of the medical witnesses, Dr. Le and Dr. Shapiro. The ICA did not, however, immediately update Sanders's address in its system, and approximately two weeks later, set the hearing for Dr. Le's testimony for July 9, 2015, and sent the notice of that hearing to Sanders at her old address. Sanders did not attend the July 9 hearing. On July 14, 2015, Sanders again updated her address with the ICA and allegedly sent a copy to Respondents. Upon receiving the updated address, ALJ Marwil realized the ICA had sent Sanders's copy of the notice for Dr. Le's July hearing to the wrong address, and reset Dr. Le's testimony for August 13, 2015, with an amended notice sent to Sanders at the updated address, with a copy to Respondents.

¶3         Respondents had previously scheduled Sanders for an independent medical examination ("IME") on July 21, 2015 with Dr. Shapiro, sending the notice of the appointment to Sanders's old address. Approximately three weeks after the original hearing set for Dr. Le's testimony and one week after the IME appointment, Respondents moved to dismiss Sanders's request for hearing, alleging Sanders had failed to appear at the July 9 hearing and for the IME. Respondents sent the motion to Sanders at the old address; not surprisingly, Sanders did not respond to the motion. In the decision upon hearing, ALJ Halas[3] agreed with Respondents and granted the motion, sending the decision upon hearing to the now-updated address. Having received the decision upon hearing, Sanders immediately requested review, explaining she had never received the notice of either Dr. Le's July hearing or the IME appointment despite having previously updated her address with both the ICA and Respondents. Respondents contended that they had never received Sanders's updated address, and argued that she nevertheless had received the notice of Dr. Le's July hearing from ALJ Marwil, and the notice of the IME appointment from Respondents sent to the old address before Sanders updated her address on July 14. ALJ Halas summarily affirmed the dismissal in the decision upon review.

¶4         Sanders timely sought review by special action. We have jurisdiction pursuant to Arizona Revised Statutes sections ("A.R.S.") 12-

---

[3]         At some point after the order rescheduling Dr. Le's testimony, ALJ Halas replaced ALJ Marwil.

120.21(A)(2), 23-951(A), and Arizona Rules of Procedure for Special Actions 10.[4]

## ANALYSIS

### I.      *Standard of Review*

**¶5**          In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law *de novo.  Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003).  We will uphold ALJ's findings if reasonably supported by substantial evidence.  *Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46, 749 P.2d 1364, 1367 (1988).

### II.      *The Merits*

**¶6**          ALJ Halas sanctioned Sanders by dismissing her request for hearing, finding Sanders had abandoned her request for hearing because she failed to appear at Dr. Le's July 9 hearing and for the IME appointment.  A claimant must appear at a hearing or an IME appointment; the ALJ may sanction the claimant for failure to appear at such a hearing or for an IME.  A.R.S. § 23-1026(A); Arizona Administrative Code R20-5-157.  If good cause is shown, the ALJ may excuse the failure to appear or lift sanctions imposed.  *Brown v. Indus. Comm'n*, 154 Ariz. 252, 254, 741 P.2d 1230, 1232 (App. 1987).  In his decision, ALJ Halas concluded Sanders had not shown any such good cause.  We disagree.

**¶7**          Sanders contends she never received notice of Dr. Le's July hearing or the IME appointment.  On this record, there is no evidence to show otherwise.  In fact, no evidence in the record shows Respondents had sent the notice of the IME, or the ICA had sent notice of the July 9 hearing to Sanders's updated address.  As they did in their response to the Request for Review, Respondents argue that they never received the updated address that Sanders provided on July 14, 2015, and that Sanders should still have received their notice of the IME appointment sent to Sanders's old address because they sent the notice before she updated her address.

**¶8**          On this record, even assuming Respondents never received the updated address sent again on July 14, 2015, the evidence appears to be that Respondents received the updated address on two prior occasions:

---

[4]      Absent material changes since the relevant dates, we cite a statute's current version.

first, when Respondents received the updated address from Sanders in April 2015 (when Respondents apparently mis-transcribed the street number); and second, during the June hearing with ALJ Marwil. Both of these events occurred before Respondents set the IME appointment. Despite these timely notifications, Respondents still sent the notice of the IME appointment, as well as their motion to dismiss Sanders's request for hearing, to Sanders at her old address.

**¶9**         We further note that Dr. Le's July 9 hearing was eventually cancelled due to the ICA's admitted error in sending the notice of the hearing to the wrong address. In light of that error, and as a matter of due process and the need to cancel and reschedule Dr. Le's testimony, ALJ Halas erred in granting Respondents' motion to dismiss on the failure of Sanders to appear for the July 9 hearing.

## CONCLUSION

**¶10**         The award and the decision upon review are set aside. Because Sanders's costs on appeal were waived, we do not award her costs. The case is remanded to the ICA for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama