IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

SHIRLEY GRAY, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

COURTYARD TOWERS DBA, *Respondent Employer*,

CHURCH MUTUAL INSURANCE CO, *Respondent Carrier*.

No. 1 CA-IC 23-0010
FILED 07-18-2024

---

Special Action - Industrial Commission
ICA Claim No. 20213370025
Carrier Claim No. 005484-009207-WC-01
The Honorable Michelle Bodi, Administrative Law Judge

**REMANDED**

---

COUNSEL

Shirley Gray, Mesa
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent, ICA*

Jardine Baker Hickman & Houston P.L.L.C., Phoenix
By Stephen C. Baker
*Counsel for Respondent, Employer and Insurance Carrier*

---

**OPINION**

Judge Jennifer B. Campbell delivered the opinion of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1 An Industrial Commission of Arizona (ICA) Administrative Law Judge (ALJ) dismissed Shirley Gray's workers' compensation hearing request after she failed to file evidence and appear at a twice-rescheduled hearing. Then, when Gray objected to the dismissal alleging lack of notice, the ALJ summarily denied relief. We hold that the ALJ abused her discretion by denying relief without making any factual inquiry into Gray's colorable claim of good cause for her failure to participate. Accordingly, we remand for further proceedings.

**BACKGROUND**

¶2 In October 2021, while working as a manager in the dining room at an assisted living facility, Gray tripped and fell onto her knees. The next day, she went to an urgent care. The doctor observed contusions with pain, bruising, and edema on both knees. He treated Gray with ice and ibuprofen, and he ordered X-rays. The X-rays showed that both knees were structurally normal.

¶3 Gray filed a workers' compensation claim. Church Mutual Insurance Company accepted her claim as a "no loss" claim because she did not miss more than seven consecutive days of work. In October 2022, Church closed Gray's claim because no doctor had treated her in more than three months.

¶4 In December 2022, Gray protested the closure. She explained that the accident had caused meniscus tears in both knees, she still had pain, and she needed more treatment. The ALJ scheduled an initial hearing for April 4, 2023, and mailed notice to Gray's address on file. The notice stated that the proceeding would be governed by the rules in the Arizona Administrative Code (A.A.C.), that "[a]ll parties will be deemed to have knowledge of these rules," and that information about the hearing processes could be found on ICA's website. The notice stated that Gray had the burden of proof, and that the parties had to request witnesses and

file documentary evidence before the hearing. The notice directed Gray to appear at the videoconference, or, if unable to do so, to call the ALJ to make alternate arrangements. The notice did not contain an explanation of the possible consequences for failing to appear or comply.

¶5        A week later, the ICA mailed Gray a second notice accelerating the hearing from April 4, 2023, to March 31, 2023, and providing updated login information. That notice made no reference to Gray's obligations to file evidence and appear, or the possible consequences for failing to appear or comply. The notice simply provided the new date and time and instructions for the video conference platform.

¶6        On March 9, 2023, counsel for the employer and the insurance company (collectively, Church) asked the ALJ to postpone the hearing so Gray could be deposed. The ALJ obliged and again reset the hearing. The ICA mailed Gray a third notice rescheduling the hearing for May 8, 2023. Again, the notice made no reference to Gray's obligations to file evidence and appear, or the possible consequences for failing to appear or comply.

¶7        Neither party submitted any proposed evidence before the hearing. When Gray failed to appear for the hearing, Church moved to dismiss "as a result of [Gray]'s failure to show for the initial hearing and failure to submit any evidence in support of her request for continuing benefits." The ALJ summarily granted the motion, making no inquiry into whether Church had deposed Gray or otherwise had contact with her. The entire proceeding lasted less than 90 seconds.

¶8        The ALJ issued a written decision of dismissal, finding that notice of the hearing had been mailed to Gray's address on file, but Gray failed to appear or submit evidence. The ALJ concluded that Gray had abandoned her hearing request by virtue of her failure to comply with the applicable rules.

¶9        Gray then filed a hand-written letter that the ALJ treated as a timely request for administrative review. Gray wrote that she "did not receive a time for the hearing" and described the medical condition of her knees and how the accident affected her health. Gray ended the letter by stating that she "did not know if [she] should send all [her] records from Fast Med from this injury."

¶10        The ALJ issued a decision upon review affirming the dismissal, finding it was supported by the evidence. The ALJ found that the three hearing notices had specified dates and times, had been mailed

to Gray, and had not been returned as undeliverable. As such, the ALJ confirmed that Gray had abandoned her hearing request.

¶11 Gray seeks relief through this statutory special action.

## DISCUSSION

¶12 We address two issues: (1) whether we should dismiss Gray's appeal because her opening brief violates Rule 13 of the Arizona Rules of Civil Appellate Procedure (ARCAP); and, more importantly, (2) whether the ALJ abused her discretion by affirming the dismissal of Gray's hearing request after receipt of Gray's letter. In addressing these issues, we are mindful that ICA hearings are different than other adversarial proceedings: "Their purpose . . . really remains the humanitarian and compassionate one of aiding and compensating the injured worker." *Gordon v. Indus. Comm'n*, 23 Ariz. App. 457, 460 (1975).

## I. Failure to Comply with ARCAP 13

¶13 Gray, who is unrepresented, filed a one-page "opening brief" in the form of a letter. Church asks us to dismiss Gray's appeal because the opening brief does not contain a statement of facts, a statement of issues, or argument with legal citations. *See* ARCAP 13. Though we agree that Gray's brief is deficient, we can discern her argument. In the exercise of our discretion, we will decide the appeal on the merits. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

## II. Dismissal Sanction

¶14 We now turn to the second question: did the ALJ abuse her discretion by affirming the dismissal of Gray's hearing request after receiving her letter alleging lack of notice? An ALJ abuses her discretion if, in the process of reaching a discretionary decision, she commits legal error, fails to consider the evidence, or acts without substantial evidentiary support. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455–56 (1982). An ALJ's failure to consider applicable factors also constitutes an abuse of discretion. *Cf. State v. Palmer*, __ Ariz. __, __, 546 P.3d 101, 104–05, ¶¶ 11–16 (2024) (reversing counsel-disqualification ruling because court failed to consider relevant factors, thereby preventing meaningful review). Gray was required to appear at the hearing and file her medical and non-medical evidence in advance. *See* A.A.C. R20-5-149(A); A.A.C. R20-5-155; *Yates v. Indus. Comm'n*, 116 Ariz. 125, 127 (App. 1977). The ALJ had discretion to dismiss her hearing request as a sanction for her total failure to fulfill those obligations. *See* A.A.C. R20-5-157(A); *King v. Indus.*

*Comm'n*, 160 Ariz. 161, 163 (App. 1989). Though we cannot say that the ALJ exceeded her discretion here, we note that dismissal "is harsh and not to be invoked except under extreme circumstances"—it ordinarily is best to decide a workers' compensation request "upon its merits." *King*, 160 Ariz. at 164 (citations omitted); *see also J-R Const. Co. v. Paddock Pool Const. Co.*, 128 Ariz. 343, 344–45 (App. 1981) (holding that under civil sanction rule, a court's discretion "is more limited . . . where the ultimate sanctions of dismissal or entry of default judgment are involved"). Accordingly, we urge ALJs to make reasonable inquiry into a claimant's failure to appear before ordering dismissal.

¶15        Though ALJs are not bound by "technical or formal rules of procedure," they should conduct workers' compensation proceedings to "achieve substantial justice." A.R.S. § 23-941(F); *see also Ohlmaier v. Indus. Comm'n*, 161 Ariz. 113, 117 (1989). Substantial justice (and efficiency) is well-served by inquiry into a claimant's sanctionable conduct before entering a case-dispositive order. That is particularly the case when, as here, an absent pro per claimant was not directly told the consequences of failing to appear or what evidence to provide, the hearing was rescheduled several times, and opposing counsel potentially had relevant information. *See Dynometrics Inc. v. Ariz. Dep't of Econ. Sec.*, __ Ariz. __, ¶ 27, 547 P.3d 1068, 1074–75 (App. 2024) (holding that in unemployment benefits cases, ALJs "must actively elicit evidence when necessary to create an adequately developed record" upon which to make an informed decision); *Coulter v. Indus. Comm'n.*, 198 Ariz. 384, 389, ¶ 23 (App. 2000) (concluding that ALJ abused his discretion by excluding a doctor's report without considering "whether its admission would be consistent with substantial justice"). But though it may be best practice for an ALJ to inquire into the circumstances of a claimant's failure to appear, no authority requires her to do so. Accordingly, we cannot say that the ALJ abused her discretion by ordering dismissal as a sanction for Gray's failure to participate.

¶16        But the ALJ abused her discretion by summarily denying Gray's request for relief from the dismissal sanction without further inquiry. "If a party shows good cause, a presiding [ALJ] or the Commission may relieve a party of sanctions imposed." A.A.C. R20-5-157(B). "Good cause" warranting relief from a sanction first requires a claimant to explain her failure to appear. *See Brown v. Indus. Comm'n of Ariz.*, 154 Ariz. 252, 254 (App. 1987) (construing A.A.C. R20-5-157's predecessor). The claimant must show that the failure was due to reasons outside her control, or was the result of excusable neglect—that is, the claimant must have acted as a reasonably prudent person would in

the same circumstances. *Cf. Maldonado v. Ariz. Dep't of Econ. Sec.*, 182 Ariz. 476, 478 (App. 1994); *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993). Further, the ALJ must consider other factors: "(1) whether or not there is a pattern of failure to cooperate, e.g., [a] claimant's failure to answer interrogatories and appear for a deposition . . .; (2) whether or not counsel acted with due diligence, e.g., [a] failure to make any attempt to obtain the claimant . . .; (3) whether or not there is some evidence presented to support the claimant's case, e.g., the absence of supporting medical evidence . . .; and (4) whether or not the employer/carrier has suffered prejudice, e.g., [a] complete frustration of discovery and cross-examination." *Brown*, 154 Ariz. at 254. "The procedural context is also relevant . . . ." *Id.*

¶17　　　　There is no support in this record demonstrating that the ALJ considered the foregoing factors or developed an adequate record to do so. In her letter, Gray provided a colorable explanation of good cause for her failure to appear: she "did not receive a time for the hearing." She also indicated that she did not understand whether she had to file her medical records before the hearing. At that point, the ALJ was required to consider the other factors relevant to determining whether good cause exists. *See id*. And here, where the hearing was rescheduled multiple times, the hearing notices did not specify the potential consequences of noncompliance with the rules, and Gray was not represented by counsel, the ALJ was obligated to hold a hearing to develop evidence regarding Gray's failure to participate. Using such a hearing, the ALJ could have developed an adequate record to apply the additional factors relevant to good cause—including whether Church actually attempted to depose Gray and, if so, whether Gray cooperated. *See id.*; *cf. Palmer*, __ Ariz. __, __, 546 P.3d at 104–05, ¶¶ 11–16. By not doing so, the ALJ abused her discretion.

**CONCLUSION**

¶18　　　　The ALJ abused her discretion by denying Gray's request for administrative review on an inadequate record. We remand for the ALJ to hold a hearing to determine whether there is good cause to relieve Gray from the dismissal sanction, and to conduct all further proceedings that may be necessary.



AMY M. WOOD • Clerk of the Court
FILED:　　AGFV