622 P.2d 60

Dale A. NOLDEN, Petitioner-Employee,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Del E. Webb Development Company, Respondent-Employer,

Del E. Webb Development Company, Respondent-Carrier.

No. 1 CA–IC 2302.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 13, 1980.

Rehearing Denied Dec. 16, 1980.

Review Denied Jan. 6, 1981.

Kenneth A. Winsberg and Robert Y. Thrasher by Kenneth A. Winsberg, Phoenix, for petitioner-employee.

Calvin Harris, Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P. A. by Donald L. Cross, and Larry L. Smith, Phoenix, for respondents-employer and carrier.

## OPINION

O'CONNOR, Judge.

This special action challenges the decision of the Industrial Commission administrative law judge [1] dismissing a request for hearing for failure of the petitioner to appear at a properly noticed deposition.

Under the facts of this case, we find the dismissal of the request for hearing was a valid exercise of discretion by the administrative law judge. We, therefore, affirm the award.

Petitioner, Dale A. Nolden, injured his left hip during the course of his employment on March 13, 1979, while he was kneeling in an awkward position installing baseboard in a closet. He filed a workmen's compensation claim for benefits. On April 26, 1979, the carrier issued a notice of claim status granting medical benefits, and determining that there was no permanent impairment as a result of the industrial incident. On May 17, 1979, petitioner requested a hearing to contest the carrier's notice of claim status. The request was accompanied by a copy of a letter from a physician indicating that petitioner might still have had some physical problems related to the industrial occurrence.

The hearing division of the Industrial Commission set a hearing date of October 19, 1979. By a notice of deposition dated and mailed September 7, 1979, the carrier set September 18, 1979, as the date for taking petitioner's deposition. A.C.R.R. R4–13–142. The record reveals that petitioner's attorney tried to contact him by letter but received no response. On the date set for the deposition, petitioner's attorney was still unable to determine petitioner's whereabouts, and so informed counsel for the carrier. The carrier then filed a motion to dismiss the request for hearing for willful failure of petitioner to attend his deposition.

Petitioner's attorney finally heard from his client on October 2, 1979. Petitioner informed his attorney that he had moved and that mail from his old address had just reached him at his new residence in Wichita Falls, Texas. In the meantime, the carrier had also scheduled a medical examination for petitioner on October 8, 1979. Petitioner's attorney wrote a letter to the carrier's attorney dated October 3, 1979, stating that in "no way" could petitioner meet the October 8, 1979, appointment for physical examination. In the same letter petitioner's attorney also requested that the deposition and the physical examination be rescheduled for one or two days prior to the hearing on October 19, 1979.

The carrier responded by letter to the administrative law judge dated October 4, pointing out that petitioner had left the state without permission in violation of A.C. R.R. R4–13–115,[2] and without notifying

1. The designation "hearing officer" was changed to administrative law judge by Laws 1980, 2nd Reg.Sess., Ch. 246.

2. A.C.R.R. R4–13–115 provides:
   A. If an employee is claiming benefits under the Arizona Workmen's Compensation Law, he will neither be permitted nor directed to leave the State or locality in which he is receiving medical, surgical or hospital treatment except under compelling circumstances or by agreement of the applicant and the carrier, and then only with the written permission of the Commission or its authorized representative. If there is no agreement but compelling circumstances exist, application for permission to leave must be made to the Commission and the written authorization of the Commission or its authorized representative must be obtained. This rule shall apply to foreign countries, but shall not apply in those instances involving State borders where the logical or nearest medical facility is situated across the State border or adjacent thereto.
   B. Failure to receive written authorization of the Commission, if required, will result in forfeiture of the workman's right to compensation during such time as he is out of the State as well as his right to reimbursement for medical expenses.
   C. Any aggravation of an employee's disability by reason of his violation of this rule will not be compensated.

anyone of his change of address, in violation of A.C.R.R. R4–13–104.[3] Counsel for the carrier also requested that if his motion to dismiss were not granted, then the hearing should be cancelled and the petitioner be directed to attend a deposition and submit to a physical examination sufficiently in advance of any hearing to allow counsel adequate time to prepare.

Petitioner's counsel also wrote to the administrative law judge on October 4 stating that the claimant was now ready to make himself available for deposition and physical examination, and suggesting that a further hearing could be scheduled if necessary.

Based on the correspondence of the parties, together with all other information in the Industrial Commission file, the administrative law judge exercised his discretion pursuant to A.C.R.R. R4–13–145(B),[4] and entered an award dismissing the request for hearing for failure to attend the deposition.

On review, petitioner argues that the hearing officer's award does not comply with the requirements of A.C.R.R. R4–13–145(B) in that the award fails to expressly find that petitioner "willfully" refused to attend the properly scheduled deposition. Petitioner also argues that the evidence would not support a finding that the failure to attend the deposition was "willful." Petitioner contends that he failed to attend the September 18, 1979, deposition because he was unaware that it had been scheduled. He had moved to Texas and his mail had not yet reached him. Thus, he argues, his failure to attend cannot be termed "willful". He also argues that, in any event, dismissal of the request for hearing is too severe a sanction under the circumstances.

The determination of the Industrial Commission will be upheld on appeal if the findings and award are reasonably supported by competent evidence. *Brewer v. Industrial Commission*, 9 Ariz.App. 319, 451 P.2d 897 (1969). The evidence is considered in the light most favorable to sustaining the award. *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972). Under A.C.R.R. R4–13–145(B) and R4–13–157,[5] the administrative law judge has discretion in determining what sanction to impose when it is determined that a party has willfully failed to attend a properly noticed deposition. The judge may order a suspension of benefits, or preclude the introduction of certain evidence, strike all or part of the pleadings, or dismiss all or part of the action. Although the administrative law judge is not bound by the technical rules that normally govern judicial proceedings, the proceedings must be conducted "in such a manner that will achieve 'substantial justice'." *E. S. Kelton Contracting Co. v. Industrial Commission*, 123 Ariz. 485, 487, 600 P.2d 1117, 1119 (App.1979); A.R.S. § 23–941(F). There is a "fine line which separates the exercise of reasoned discretion from arbitrary and capricious action." *PMC Powdered Metals Corp. v. Industrial Commission*, 15 Ariz.App. 460, 463, 489 P.2d 718, 721 (1971). However, enforcement by

---

3. A.C.R.R. R4–13–104 provides:

It shall be the duty and obligation of a claimant to at all times keep The Industrial Commission of Arizona and carrier advised of his address and place of residence. The address of his attorney or authorized representative shall not be sufficient to meet the requirements of this rule.

4. A.C.R.R. R4–13–145(B) provides:

If a party or an officer or managing agent of a party willfully fails to appear before an officer who is to take his deposition after being served with the proper notice, or fails to serve answers to interrogatories after proper service of such interrogatories, the presiding hearing officer on motion and notice may strike out all or any part of the pleading of that party, dismiss the action or proceeding or any part thereof, order the suspension or forfeiture of compensation, or preclude the introduction of evidence.

5. A.C.R.R. R4–13–157 provides:

Any interested party who fails to abide with the provisions of these rules shall not be permitted to present any evidence at any of the proceedings before the Commission on the claim, or the request for hearing may be dismissed in the discretion of the presiding hearing officer. The presiding hearing officer or the Commission may, in his or its sound discretion, relieve the party of the sanctions imposed for his failure to abide by these rules if good cause therefor is shown.

**504**

the administrative law judge of the rules of procedure before the Industrial Commission will not be overturned absent a clear showing of abuse of discretion. *Raban v. Industrial Commission*, 25 Ariz.App. 159, 541 P.2d 950 (1975).

 In *Edmunds v. Industrial Commission*, 616 P.2d 946 (1980), this Court held that a claimant could not be said to have "willfully" failed to attend a physical examination when notice of that examination failed to reach him in the mail because of post office error. However, we stated:

> [S]uspension of benefits would be proper if it were shown that a claimant had changed his address without notifying the carrier or the Industrial Commission, thereby effectively frustrating the delivery of notices regarding his claim.

It is apparent that precisely that situation is presented here. Petitioner moved to Texas without notifying his attorney, the Industrial Commission, or the carrier in contravention of A.C.R.R. R4–13–104. The petitioner also clearly disregarded the requirements of the applicable rules in failing to obtain permission from the Commission to move to Texas. A.C.R.R. R4–13–115. Because of this conduct he failed to receive notice of the deposition and informed the carrier that he could not appear at a scheduled physical examination. His attorney's request that the deposition and medical examination be scheduled one or two days before the hearing was not reasonable. We cannot say that the hearing officer's dismissal of petitioner's hearing was a clear abuse of discretion.

 While the administrative law judge did not make an express finding that petitioner "willfully" failed to attend the deposition, he did find that petitioner had left the state and had not maintained contact, and had not shown good cause why the request for hearing should not be dismissed. This necessarily implies that the failure to attend was willful. *See M. M. Sundt Construction Company v. Industrial Commission*, 124 Ariz. 94, 602 P.2d 475 (1979).

We cannot find that the administrative law judge abused his discretion in dismissing the request for hearing. The award is affirmed.

OGG, P. J., and DONOFRIO, J., concur.