771 P.2d 891

Betty KING, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Smucker's Candle World Ltd., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 88–099.

Court of Appeals of Arizona, Division 1, Department A.

April 4, 1989.

Taylor & Schaar by Donald F. Schaar, Phoenix, for petitioner.

Catherine A. Fuller, Chief Counsel, The Indus. Com'n of Arizona, Phoenix, for respondent.

Christopher E. Kamper, Chief Counsel, State Compensation Fund by Teri A. Thomson–Taylor, Phoenix, for respondent Employer/Carrier.

OPINION

JACOBSON, Judge.

Betty King (claimant) seeks special action review of an Industrial Commission

award dismissing her hearing request. We must decide whether the administrative law judge's dismissal based on his finding that claimant had obstructed meaningful discovery was an abuse of discretion.

FACTS

In November 1985, claimant filed a workers' compensation claim for a right upper-arm injury that occurred on July 22, 1985. Respondent carrier (Fund) accepted compensability and provided temporary benefits and active medical treatment that included two surgeries, physical therapy, acupuncture, and psychological services. On December 16, 1987, the Fund terminated the claim and found the injury had not resulted in permanent impairment. Upon notice of termination, claimant's attorney timely requested a hearing. A hearing was scheduled for May 19, 1988.

On March 16, 1988, the Fund served claimant with interrogatories and noticed her deposition for April 8, 1988. Claimant's attorney requested rescheduling of that deposition and it was reset for April 18, 1988. Claimant did not appear for the deposition on April 18, 1988, and her attorney requested rescheduling for May 5, 1988.

In apparent acquiesence to this request, the Fund sent a notice to claimant that her deposition was scheduled for May 5, 1988. However, the Fund also filed a motion requesting sanctions for claimant's failure to attend the two previously scheduled depositions, claiming it would be unable to properly prepare for a May 19, 1988, hearing if claimant was to be deposed only fourteen days earlier on May 5, 1988. The Fund requested dismissal or, in the alternative, a continuance.

On April 21, 1988, claimant requested subpoenas for the treating surgeon (Dr. Bodell), the treating psychologist (Dr. Drydyk) and for two of the Fund's medical experts to appear and testify at the hearing. On April 22, 1988, claimant's counsel responded to the Fund's request for sanctions:

The defendant carrier's letter requesting sanctions and dismissal is a surprise. There was no indication when new deposition dates were requested that this would be any sort of problem. If they feel that they need a continuance I have no objection to the same. I feel that dismissal is inappropriate. We are not in any way attempting to intentionally deny them their deposition or their discovery. We are simply asking their cooperation in scheduling a time that is convenient for all involved. The rules of procedure call for sanctions where there is willful or intentional violations [sic] for the purpose of defeating discovery. That doesn't exist in this case. Please deny any motion for sanctions or a request for dismissal.

On that date, the Fund submitted several medical reports including the independent evaluation supporting termination, an independent psychiatric evaluation, a report of a normal EMG, and reports by Drs. Bodell and Drydyk. The psychiatrist reported that claimant told him that after the industrial injury, she had "lived with various people including her sisters and others and ... for a period of time she was living in a tent in her sister's backyard."

On April 28, 1988, the administrative law judge dismissed the hearing request stating "that applicant has failed to state an excusable reason for failing to participate in prehearing discovery." He justified imposing this sanction as follows:

3. On its face the response makes it appear that applicant's conduct has been innocent and basically harmless. But beyond the superficial impression of the response it appears that the applicant's failure to participate in pre-hearing discovery is because she intends to participate only on her own terms, and it is now too late for discovery to be accomplished in time to be of any significant value to the carrier. Applicant's attitude about pre-hearing discovery is arbitrary, unreasonable and warrants the imposition of appropriate sanctions, including dismissal.

On administrative review, claimant's counsel requested that the administrative law judge rescind the dismissal because claimant's failure to appear was neither

intentional nor willful. He submitted a letter claimant had written to the judge explaining that she had not attended the deposition because she had been sick, her car had broken down, she was without a permanent home, she was living with a mentally ill person, and she was depressed herself and unable to obtain medication. Claimant apologized and promised to cooperate fully in the future. Counsel claimed claimant's failure to appear was excusable under *Brown v. Industrial Commission*, 154 Ariz. 252, 741 P.2d 1230 (App.1987). The administrative law judge summarily affirmed the award. This special action followed.

DISCUSSION

The administrative law judge has discretion in determining what sanction to impose when a party has willfully failed to attend a properly noticed deposition. A.C.R. R4–13–145, R4–13–157; *Nolden v. Industrial Comm'n*, 127 Ariz. 501, 622 P.2d 60 (App. 1980). The judge may strike all or part of the pleading of that party, dismiss the action, order the suspension or forfeiture of compensation, or preclude the introduction of evidence. A.C.R. R4–13–145(B). The judge may also assess reasonable attorneys' fees and costs or restrict the party from presenting evidence. A.C.R. R4–13–157(B). The administrative law judge's imposition of a sanction will not be overturned absent a showing of abuse of discretion. *Nolden*, 127 Ariz. at 504, 622 P.2d at 63.

 Claimant contends the administrative law judge abused his discretion in dismissing her claim, based upon her letter which indicated that she had good cause for failing to appear and upon the fact that the Fund did not submit evidence to support the finding that she intentionally obstructed discovery. The Fund responds that the factors for determining good cause for failure to appear are stated in *Brown v. Industrial Commission*, 154 Ariz. 252, 741 P.2d 1230 (App.1987)[1] and that claimant's explanation alone does not suffice. We agree that the administrative law judge

should consider other factors when determining whether the sanction of dismissal is proper. Those factors include whether a pattern of failure to cooperate exists; whether counsel acted with due diligence; whether or not the employer/carrier has suffered prejudice; and lastly, whether the failure to appear has imposed an unwarranted administrative burden. *See Brown*, 154 Ariz. at 254, 741 P.2d at 1232.

The Fund first asserts that claimant's conduct established a pattern of a failure to cooperate because she did not respond to interrogatories and did not attend depositions set on two dates. Secondly, the Fund claims counsel did not act diligently in resetting the April 18, 1988, deposition and failing to file supporting medical reports. Lastly, the Fund claims it suffered prejudice because of its inability to pursue discovery and cross-examination.

 Claimant failed to respond to interrogatories the Fund propounded on March 16, 1988. Claimant's reply that she and the doctors she subpoenaed would be available at the hearing to further explain her condition does not excuse her violation of the requirement in A.C.R. R4–13–144 that answers to interrogatories be filed within ten days of receipt. However, the Fund's contention that claimant "failed to appear" for the April 8 deposition seems ill-founded. The record indicates a deposition was scheduled for April 8, 1988. No explanation appears for rescheduling to April 18, 1988 and, the Fund did not object to claimant's request for change before the deposition took place. Furthermore, counsel avers in his brief that the date was changed for his convenience. Thus, the only failure to appear occurred on April 18, 1988. This one time omission, standing alone, does not establish a "pattern of a failure to cooperate."

We agree that claimant's counsel may not have acted expeditiously to bring the claim before the Industrial Commission. The Fund may have indeed suffered prejudice because of frustration of discovery.

---

**1.** We find *Brown* instructive even though that case addressed the propriety of a dismissal when the claimant failed to appear for a hearing, not a deposition.

Furthermore, the rescheduling and delay may have resulted in increased cost and unnecessary administrative burdens on the Commission. Although lesser sanctions might have been appropriate, we find the imposition of the ultimate sanction of dismissal to be unjustified under these facts. Although the administrative law judge is not bound by the rules that govern judicial proceedings, administrative proceedings must be conducted so as to "achieve substantial justice." A.R.S. § 23–941(F); *Nolden*, 127 Ariz. at 503, 622 P.2d at 62. When examining the analog to A.C.R. R4–13–145, Rule 37(b)(2), Arizona Rules of Civil Procedure, our supreme court has stated that "the sanction of dismissal though within the sound discretion of the trial court ... is harsh and not to be invoked except under extreme circumstances." *Austin v. City of Scottsdale*, 140 Ariz. 579, 581, 684 P.2d 151, 153 (1984). Accordingly, "justice requires that when possible a matter be determined upon its merits." *Gorman v. City of Phoenix*, 152 Ariz. 179, 183, 731 P.2d 74, 78 (1987).

The evidence does not support the allegation that claimant *willfully* obstructed discovery as it did in *Nolden* where the claimant moved out of state without notifying his attorney, the Industrial Commission, or the carrier in contravention of A.C.R. R4–13–104. *See. Nolden*, 127 Ariz. at 504, 622 P.2d at 63. Counsel's efforts in subpoenaing medical experts and in attempting to reschedule in spite of claimant's plight indicate his desire to pursue a remedy for his client. We hold that the circumstances of this case do not justify dismissal, which precluded claimant from having the matter determined upon its merits.

## CONCLUSION

The record indicates that claimant breached the discovery rules of the Industrial Commission. Such breach might have justified the imposition of sanctions lesser than the ultimate sanction of dismissal. Because the administrative law judge abused his discretion in dismissing claimant's hearing request, we set aside the award.

GERBER and BROOKS, JJ., concur.