NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANDREW MESTAS, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

INTERMOUNTAIN STAFFING, *Respondent Employer,*

ADVANTAGE WORKERS COMPENSATION/PINNACLE RISK MGMT,
*Respondent Carrier.*

No. 1 CA-IC 13-0059
FILED 06-10-2014

Special Action - Industrial Commission
ICA Claim No. 20123-000037
Carrier Claim No. WCAWC201274088

The Honorable Anthony F. Halas, Administrative Law Judge

**AFFIRMED**

COUNSEL

Andrew Mestas, Phoenix
*Petitioner In Propria Persona*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent ICA*

Jardine Baker Hickman & Houston, PLLC, Phoenix
By Charles G. Rehling, II, John E. Drazkowski
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**D O W N I E**, Judge:

¶1  Andrew Mestas seeks review of an order of the Industrial Commission ("Commission") dismissing his request for hearing. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2  In October 2012, while working for Intermountain Staffing, Mestas reported injuries to his neck and back after "picking up 50 gallon barrels of glass and metal." Mestas filed a worker's compensation claim. He listed his brother's address as his own in the claims paperwork, though he also stated he was homeless at various times.

¶3  Mestas was diagnosed with a back strain and was placed on work restrictions and prescribed medications and physical therapy. He requested he be released from work restrictions in November 2012 as he was pain free.

¶4  Pinnacle Risk Management Services, Intermountain's worker's compensation insurance carrier,[1] issued two notices of claim status dated November 19, 2012 and November 29, 2012 respectively, denying Mestas' claim. The notices listed Mestas' address of record, which was his brother's address. Each notice included the following language:

> NOTICE TO CLAIMANT: If you do not agree with this NOTICE and wish a hearing on the matter, your written

---

[1] Except when necessary to distinguish between them, we refer to the employer and the insurance carrier collectively as "Respondents."

Request for Hearing must be received at either office of the Industrial Commission listed below within NINETY (90) DAYS after the date of mailing of this NOTICE, pursuant to A.R.S. 23-941 and 23-947. <u>IF NO SUCH APPLICATION IS RECEIVED WITHIN THAT NINETY DAY PERIOD, THIS NOTICE IS FINAL.</u>

**¶5** Mestas did not submit a request for hearing until April 8, 2013. He acknowledged therein that the notice of claim status had been "mailed on 11-19-2012," but stated he was homeless and without a phone. He again listed his brother's address as his own.

**¶6** During his deposition, Mestas denied any prior work-related injuries; could not recall the names of previous employers, hospitals, or physicians; and refused to sign a general release. Respondents sought an order from the Administrative Law Judge ("ALJ") compelling Mestas to sign a general medical release, noting that he had several prior industrial injury claims, including a 2005 back injury. The ALJ issued an "Order to Compel" on July 25, directing Mestas to sign a "general medical authorization to obtain all pertinent medical records" by August 5.

**¶7** When Mestas failed to comply with the ALJ's order, Respondents moved to dismiss his request for hearing. They recounted his refusal to sign a general release, their motion to compel and ensuing order to compel, and Mestas' continuing failure to comply. By order dated August 13, 2013, the ALJ dismissed Mestas' request for hearing. Mestas subsequently filed a document that was treated as a petition for review, which the ALJ denied.

**¶8** Mestas filed a timely notice of appeal. We have jurisdiction under Arizona Revised Statutes ("A.R.S") section 23-951(A).[2]

## DISCUSSION

**¶9** We could affirm the dismissal of Mestas' request for hearing based solely on its untimely filing. *See Salt River Project v. Indus. Comm'n*, 126 Ariz. 196, 200, 613 P.2d 860, 864 (App. 1980) (Hearing officers, like superior court judges, should be affirmed if they reach the correct legal result, even if they reach it for the wrong reason.). "A hearing on any

---

[2] We grant Respondents' request to supplement the record on appeal with a transcript of Mestas' June 13, 2013 deposition. We also grant Mestas' Motion to Supplement Reply Brief, filed on May 13, 2014.

question relating to a claim shall not be granted unless . . . the request for a hearing is filed within ninety days after the notice" of the claim's denial. A.R.S. § 23-947(A).

**¶10** Mestas did not file his hearing request within 90 days of the denial of his claim and does not contend he meets the statutory requirements for excusing the late filing. *See* A.R.S. § 23-947(B). Mestas instead asserts he "didn't realize" he was required to request a hearing within 90 days.

**¶11** When Mestas failed to timely request a hearing, the November 2012 claim denial became final. *See* A.R.S. § 23-947(B) ("Failure to file with the commission within the required time by a party means that the determination by the commission, insurance carrier or self-insuring employer is final and res judicata . . . ."). But even assuming that the late filing could somehow be excused, the ALJ did not abuse his discretion by dismissing the hearing request on other grounds.

**¶12** Arizona Administrative Code R20-5-157(A) permits an ALJ to dismiss a request for hearing as a sanction for failure to comply with a specific order or with the statutory requirements set forth in title 20, chapter 5, article 1 (workers' compensation practice and procedure). If the sanctioned party thereafter demonstrates good cause for the failure, the ALJ may lift the sanction. A.A.C. R20-5-157(B). Good cause generally exists when a claimant fully and adequately explains his failure to comply. *See Tucson Elec. Power Co. v. Indus. Comm'n*, 139 Ariz. 80, 82-83, 676 P.2d 1138, 1140-41 (App. 1983). Other relevant factors include whether there is a pattern of failing to cooperate; whether the opposing party acted with due diligence to obtain compliance; whether the opposing party suffered prejudice; and whether the failure imposed an unwarranted administrative burden. *See King v. Indus. Comm'n*, 160 Ariz. 161, 163, 771 P.2d 891, 893 (App. 1989); *Brown v. Indus. Comm'n*, 154 Ariz. 252, 254, 741 P.2d 1230, 1232 (App. 1987).

**¶13** We review sanctions imposed by an ALJ for an abuse of discretion. *King*, 160 Ariz. at 163, 771 P.2d at 893; *see also Unisource Corp. v. Indus. Comm'n*, 184 Ariz. 451, 455, 909 P.2d 1088, 1092 (App. 1995) ("In short, the sanction for non-compliance is left to the informed discretion of the ALJ."). The sanction of dismissal is "harsh and not to be invoked except under extreme circumstances." *King*, 160 Ariz. at 164, 771 P.2d at 894. In reviewing for an abuse of discretion, though, "[t]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could

have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge." *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985).

**¶14** During his deposition, Mestas admitted prior back problems and surgery, as well as an earlier diagnosis of degenerative disc disorder. Yet he modified the medical release form that Respondents had given him, restricting his authorization to "just MBI"— the treatment facility he visited for the October 2012 injury. Respondents' counsel told Mestas:

> We're entitled to a general release to obtain records that are similar to what happened. And unfortunately, since you can't remember where you've been, we're going to probably have to send an authorization to several different hospitals to try to find out who treated you for that back surgery. And that is relevant to the claim, so I'd like you to just sign the authorization.

Mestas replied:

> No. I already signed that. That's good enough. I only went to MBI. We'll have to let the judge decide, because this is what you sent me and I'm not filling out another form until I get me a lawyer.

Counsel again asked Mestas at the end of his deposition to sign a general release and he again refused.[3]

---

[3] Mestas was uncooperative in other respects during his deposition, as the following excerpt reflects:

> Q. I forgot if I asked you this, but have you ever had any work-related injuries?
>
> A. You asked that already.
>
> Q. Did you say "no"?
>
> A. It's whatever you wrote down.
>
> Q. Well, what's the answer to the question?
>
> A. Whatever you wrote down.

¶15 The ALJ properly articulated and applied the relevant legal principles, stating, in pertinent part:

4. An administrative law judge may apply various sanctions in cases where there is noncompliance with rules governing the hearing process and discovery. The record must establish that the administrative law judge recognizes the scope of his discretion and has weighed factors that might support a range of sanctions, from certain of the lesser sanctions to outright dismissal of a request for hearing . . . .

5. In this instance, the evidence establishes that applicant Mestas has failed to participate in these proceedings and defendants' reasonable discovery efforts, despite an ORDER issued by the undersigned on July 25, 2013 compelling him to do so.

. . . .

7. Considering the factors set forth in Brown v. Industrial Commission, 154 Ariz. 252, 741 P.2d 1230 (App. 1987), I further find that applicant has not shown good cause to be relieved from the sanctions . . . Therefore, the sanction of dismissal of applicant Mestas' request for hearing is appropriate in this instance.

¶16 We find no abuse of discretion. A worker's compensation claimant must, within ten days of a request, provide "a release of information authorizing any attending, treating, or examining physician to provide records described in A.R.S. § 23-908(C)."[4] A.A.C. R20-5-131(G). Although the release at issue is broad in scope, it was necessarily so

---

Q. Have you ever had any work-related injuries?

A. I said "no."

[4] The relevant statutory subsection is now A.R.S. § 23-908(D), which states that information "requested by interested parties for a proper understanding of the case and a determination of the rights involved" is not privileged, though medical information about "conditions unrelated to the pending industrial claim" remains privileged.

because Mestas could not recall the names of prior physicians or places of treatment. Respondents produced information regarding other industrial claims for back injuries, as well as non-industrial injuries that could be relevant to the pending claim.

¶17 Mestas' refusal to sign a release, even after being ordered to do so, his failure to acknowledge prior industrial claims, and his general lack of cooperation during the discovery process established a pattern of failure to cooperate. Respondents acted with due diligence and offered Mestas several opportunities to sign a release. Without Mestas' prior medical records, Respondents could not properly investigate and defend the current claim.

¶18 The record supports the ALJ's determination that Mestas did not establish good cause. Mestas blames his housing situation, but his failure to cooperate at his deposition had nothing to do with his living circumstances. Moreover, Mestas never claimed, let alone established, that he was unable to retrieve mail sent to his brother's address – an address he chose to use as his address of record.

**CONCLUSION**

¶19 For the reasons stated, we affirm the ALJ's decision upon review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

7