NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

KIRK HUGHES, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

CARRABBAS ITALIAN GRILL, *Respondent Employer*,

TRAVELERS INDEMNITY COMPANY, *Respondent Carrier*.

No. 1 CA-IC 14-0029
FILED 12-18-2014

---

Special Action – Industrial Commission

ICA Claim No. 20121-110302

Carrier Claim No. 127-CB-C5V0286-T

The Honorable Deborah A. Nye, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Kirk L. Hughes, Phoenix
*Petitioner Pro Se*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent ICA*

Klein Doherty Lundmark Barberich & La Mont, P.C., Tucson
By Eric W. Slavin
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Samuel A. Thumma joined.

---

**D O W N I E**, Judge:

**¶1**		This is a special action review of an Industrial Commission of Arizona ("ICA") order dismissing Kirk Hughes' request for hearing after Carrabbas Italian Grill/Travelers Indemnity Company (collectively, "Respondents") denied a request to reopen his claim. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**		In February 2012, a Carrabbas co-worker pushing a heavy cart struck Hughes' heel. Hughes filed an industrial injury claim that Travelers accepted for benefits and later closed on July 26, 2012.

**¶3**		Hughes filed a petition to reopen on May 20, 2013. Travelers initially issued a June 14, 2013 notice accepting the petition, but rescinded that notice on June 21, 2013, stating the earlier notice had been issued in error and denying the petition to reopen. Hughes filed a request for hearing 98 days later — on September 27, 2013.

**¶4**		The ICA set a hearing for January 29, 2014. Respondents asked the Administrative Law Judge ("ALJ") to limit the hearing to the issue of jurisdiction, arguing Hughes' hearing request was untimely. Respondents also asked the ALJ to order Hughes to attend his deposition scheduled for January 2, 2014, noting that he had missed two scheduled independent medical examinations ("IME").

2

¶5 On December 17, 2013, the ALJ advised Hughes that his request for hearing appeared to be untimely and directed him to advise by December 30 whether the late filing could be excused under Arizona Revised Statutes ("A.R.S.") section 23-947(B). The ALJ further stated:

> [Respondents' counsel] advises that you have failed to attend two independent medical examinations scheduled for you on July 22 and September 13, 2013. This is to notify you that you do have an obligation to participate in pre-hearing discovery. I understand [Respondents' counsel] has scheduled a deposition for you on January 2, 2014. This is to notify you that you are under my **ORDER** to attend that deposition. Failure to attend, in light of your failure to attend the two IMEs, will likely result in imposition of sanctions up to and including dismissal of your Request for Hearing.

¶6 Notwithstanding this admonition, Hughes failed to attend his deposition, and Respondents moved to dismiss his request for hearing. They stated Hughes had also failed to answer interrogatories or provide a signed medical release. In response, Hughes claimed he had not participated in discovery because he was "not aware of the request to do so."

¶7 The ALJ reset the hearing for March 13 and ordered Hughes to serve answers to interrogatories and a "signed authorization of release of information." The ALJ further advised Hughes that, should Respondents reschedule his deposition or IME, he must attend and that "[f]ailure to obey any of these Orders may result in the imposition of sanctions up to and including dismissal of your claim."

¶8 On January 30, 2014, Respondents filed a Second Motion to Dismiss Request for Hearing, stating Hughes failed to appear for a January 29 deposition, answer interrogatories, or provide a medical authorization. In response, the ALJ set a telephonic conference for February 12 and articulated several potential grounds for dismissing Hughes' hearing request, directing Hughes to be prepared to discuss those matters at the conference. The ALJ further ordered Hughes to be at

the telephone number he provided or make other arrangements to appear. Hughes failed to participate in the February 12 hearing.[1]

¶9        The ALJ dismissed Hughes' request for hearing as untimely and, alternatively, as a sanction under Arizona Administrative Code ("A.A.C.") R20-5-157. Hughes sought review of that decision, but the ALJ affirmed it. Hughes timely appealed. We have jurisdiction pursuant to A.R.S. § 23-951(A).

## DISCUSSION

¶10       The record supports the dismissal order based on the untimeliness of the request for hearing. Hughes was required to request a hearing within 90 days of the June 21, 2013 notice denying his petition to reopen. A.R.S. § 23-947(A). He did not do so. Absent a timely request, a hearing "on any question relating to a claim shall not be granted." *Id.* The ALJ alerted Hughes to the timeliness issue, offering him a chance to address it, and also provided specific resource information, stating:

> If it was your intention to protest the June 21, 2013, Notice of Claim Status, this is notice to you that the hearing request was filed late.
>
> When a hearing request is filed later than 90 days from the Notice, it deprives the Commission of jurisdiction over your claim, unless the late filing can be excused. *See* Arizona Revised Statute ("A.R.S.") §23-947. Please review this statute on-line at the Commission's website, www.ica.state.az.us, and inform me by letter (copied to [Respondents' counsel]) no later than December 30, 2013, whether you think your late filing can be excused under the statute. If there is no basis to excuse the late filing, I must dismiss your Request for Hearing for lack of jurisdiction. If this raises questions for you, contact the Commission's Ombudsman at 602 542-4538.

---

[1]     The ALJ's order states she "was unable to reach [Hughes] on five attempts made over 15 minutes . . . . [Hughes'] telephone provided no opportunity to leave a voice mail message. Nor did [Hughes] contact the ALJ's office when he failed to hear from the ALJ at the time and date designated for the conference."

Hughes offered no response to the timeliness issue before the dismissal of his hearing request.[2]

¶11        The record also supports the dismissal order as a sanction. A.A.C. R20-5-157(A) authorizes the imposition of sanctions, including dismissal, against a party who "fails to comply with an order of the presiding administrative law judge." When considering the sanction of dismissal, the ALJ must assess whether a pattern of failure to cooperate exists, whether the parties acted with due diligence during the proceedings, whether there is evidence of record to support the claimant's case, and whether the employer or carrier suffered prejudice as a result of the claimant's conduct. *Brown v. Indus. Comm'n*, 154 Ariz. 252, 254, 741 P.2d 1230, 1232 (App. 1987). We will not overturn an ALJ's sanctions order "absent a showing of abuse of discretion." *King v. Indus. Comm'n*, 160 Ariz. 161, 163, 771 P.2d 891, 893 (App. 1989).

¶12        The ALJ made the appropriate findings here, and they are supported by the record. She found that Hughes had demonstrated a pattern of failure to cooperate, failed to obey multiple orders, and caused undue prejudice to Respondents. She also found Hughes "failed to act with due diligence" and that, although he had offered some evidence to support his claim, it was "insufficient to establish reopening."

¶13        We find no abuse of discretion. Hughes was on notice of potential sanctions based on his conduct during the proceedings. The ALJ offered him numerous opportunities to cooperate and comply, explaining exactly what he was required to do. Hughes nonetheless failed to attend scheduled depositions and IMEs and provided "incomplete and purposely evasive" answers to interrogatories. He also failed to participate in a hearing set for the express purpose of permitting him to explain his noncompliance. It is clear from the ALJ's findings that she considered the relevant factors and applied the correct law in determining the appropriateness of dismissal.

---

[2]        Hughes responded to the timeliness issue for the first time in his request for review of the dismissal order. He argued he never received the notice denying his claim because it was sent to an old address. However, the June 21 notice was sent to the same address Hughes used as his address of record throughout the proceedings. Moreover, this argument was not timely presented and preserved.

**CONCLUSION**

¶14  We affirm the dismissal of Hughes' request for hearing.



Ruth A. Willingham · Clerk of the Court
FILED: gsh