NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

GABRIEL JOSEPH, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

HILTON WORLDWIDE, INC., *Respondent Employer*,

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,
*Respondent Carrier.*

No. 1 CA-IC 14-0078
FILED 6-11-2015

---

Special Action - Industrial Commission
ICA Claim No. 20130-460033
Carrier Claim No. 30130204542-0001
The Honorable Robert F. Retzer Jr., Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Gabriel Joseph, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Manning & Kass, Ellrod, Ramirez, Trester LLP, Scottsdale
By Gaetano J. Testini
*Counsel for Respondents Employer and Carrier*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

---

**K E S S L E R**, Judge:

¶1        Petitioner Gabriel Joseph ("Joseph") appeals from the Industrial Commission of Arizona's ("Commission") dismissal of his claim. The Commission dismissed his claim after Joseph did not show up for two depositions scheduled by the carrier and failed to produce medical records. For the reasons stated below, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Joseph was an employee of the Hilton Biltmore ("Respondent Employer").  In January 2013, while at work Joseph was involved in an altercation with a coworker during which Joseph was punched in the chest causing him to have difficulty breathing.  Joseph was taken to a hospital and the physician determined Joseph was suffering from a chest wall contusion.  He was discharged and cleared to "[r]eturn to previous activity."

¶3        Joseph filed a claim for workers compensation alleging a work-related injury.  Respondent Employer denied the claim.  Joseph appealed the decision and requested a hearing.  The administrative law judge ("ALJ") found that Joseph had suffered a chest wall contusion while at work and Respondent Employer was ordered to pay all resulting medical expenses along with "[t]otal temporary and/or temporary partial compensation."

¶4        Respondent Employer and their insurance, Indemnity Insurance Company of North America ("Respondent Carrier") (collectively

"Respondents"), filed a request for review. The ALJ affirmed the decision. Respondent Carrier sent a notice to Joseph that it was accepting liability and requested Joseph to respond with information regarding his current physician and medical care. The letter stated that if Joseph did not provide a response in twenty days, the Respondent Carrier would close the claim. When Joseph did not respond, the Respondent Carrier mailed notice that the claim was closed due to non-response. The following day, Joseph filed a request for hearing with the Commission.

¶5         During a pre-hearing conference, the ALJ ordered Joseph to supply Respondents with information about his current physician and any unpaid medical bills related to his injury. Respondents served Joseph with a timely notice for his deposition to be held on July 31, 2014. On July 30, 2014, Joseph called Respondents and let them know he would not be attending the deposition the next day. Respondents rescheduled Joseph's deposition for August 6, 2014 and filed a motion to compel his attendance. The ALJ granted the motion and the order was mailed on August 4, 2014. Joseph, however, failed to appear for his deposition on August 6, 2014 and did not call in advance to let Respondents know he would not be attending.

¶6         Respondents moved to dismiss the claim pursuant to Arizona Administrative Code ("A.A.C.") R20-5-157(A)(1). The ALJ entered an award, holding that Joseph had "abandoned all demands for his REQUEST FOR HEARING" based on his failure to comply with discovery requests and appear for the deposition. The ALJ denied Joseph's timely request for review and affirmed the cancellation of the hearing. Joseph then timely sought review by this Court. This Court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2003), 23-951(A) (2012), and Arizona Rule of Procedure for Special Actions 10.

## STANDARD OF REVIEW

¶7         We will affirm an ALJ's decision to impose sanctions for noncompliance absent an abuse of discretion. *See Nolden v. Indus. Comm'n*, 127 Ariz. 501, 503-04, 622 P.2d 60, 62-63 (App. 1980). "An abuse of discretion occurs where a court's reason for its actions are clearly untenable, legally incorrect, or amount to a denial of justice." *Naglierei v. Indus. Comm'n*, 236 Ariz. 94, ¶ 11, 336 P.3d 727, 730 (App. 2014). "We will affirm a decision if it is reasonably supported by the evidence viewed in the light most favorable to sustaining the award." *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P. 3d 640, 643 (App. 2002).

**DISCUSSION**

¶8          Under A.A.C. R20-5-145(E)(2) an ALJ may dismiss an action or proceeding if the party "willfully fails to appear for a deposition after being served with proper notice of the deposition." *See also* A.A.C. R20-5-157(A)(1) (authorizing an ALJ to impose "sanctions against any party . . . who fails to comply with an order of the presiding administrative law judge or commission"; such sanctions can include a "dismissal of the party's request for hearing").

¶9          Joseph failed to provide Respondent Carrier with the requested medical information as ordered by the ALJ and necessary to process the claim.   Joseph attempted to explain that failure in his request for review, stating he was unable to comply with the request because his doctor was still performing tests.   However, the request did not require there to be a diagnosis or recommendations for further treatment.   Instead, all that was requested was information about the treating physician and unpaid medical bills.   Therefore, Joseph's reason for not complying did not explain or reasonably excuse his violation of the order.

¶10          Joseph also failed to attend two scheduled depositions. Although Joseph did manage to call the day before the first deposition, he gave no prior notice to Respondents that he would not be attending the second deposition.  He argued that he did not attend the second deposition, which he believed to be telephonic, because he did not have a phone. However, there is no reason that Joseph should have believed the deposition was by phone.   Both the notice of deposition and the order compelling attendance to the deposition clearly state the time and place for the deposition.  Moreover, although the notice of the second deposition and the order compelling Joseph to attend were issued several days before the deposition was to take place, Joseph does not contend he did not know about the second deposition.

¶11          This evidence supports the ALJ's dismissal of Joseph's claim as a sanction for his failure to comply with discovery requests and failure to appear for the depositions.

## CONCLUSION

**¶12**      For the foregoing reasons we affirm the ALJ's dismissal of Joseph's claim.



Ruth A. Willingham · Clerk of the Court
FILED: ama