NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

BRUCE TREY, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

US AIRWAYS, INC., *Respondent Employer,*

NEW HAMPSHIRE INSURANCE COMPANY, *Respondent Carrier.*

No. 1 CA-IC 17-0066
FILED 10-2-2018

Special Action – Industrial Commission
ICA Claim No. 20171-230261
Carrier Claim No. 00608988
The Honorable Marceline A. Lavelle, Administrative Law Judge

**AFFIRMED**

COUNSEL

Bruce D. Trey, Scottsdale
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark, Barberich, LaMont & Slavin PC, Phoenix
By R. Todd Lundmark, Danielle Vukonich
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1        Bruce Trey appeals an Industrial Commission of Arizona ("ICA") award and decision upon review dismissing Trey's request for hearing. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Trey worked for Respondent Employer as a reservationist. In February 2016, Trey sustained an insect bite near his right eye when he was on the phone with a customer. He then filed a workers' compensation claim, which Respondent Carrier accepted. He sought medical treatment from a physician who "diagnosed an insect bite with an allergic reaction next to [Trey's] right eye."

¶3        In March 2016, Respondent Carrier issued its notice of claim status, which "terminated benefits effective February 18, 2016, without permanent disability." Trey filed a Request for Hearing to protest the termination of the claim. An administrative law judge ("ALJ") heard the matter and found that Trey's February 2016 claim "was resolved by October 26, 2016[,] without need for further active or supportive care[.]"

¶4        Four days after the ALJ issued the award, Trey allegedly sustained more insect bites—this time to his right arm—while at work. He filed another workers' compensation claim, which Respondent Carrier denied. Trey protested the denial and requested a hearing, which was granted. He attached to his hearing request a medical report that diagnosed Trey as having "[n]ummular[1] dermatitis" and "Raynaud's syndrome

---

[1]        "Nummular" means "coin-sized and coin-shaped." W.B. Saunders, *Dorland's Illustrated Medical Dictionary* 1066 (25th ed. 1974).

without gangrene.[2]" In support of his second insect bite claim, Trey later forwarded the same medical report along with other medical documents that were unrelated to his new claim. The ALJ determined, however, that the medical documentation did not support Trey's new claim and that "[a]ll of the medical documentation [Trey] ha[d] forwarded relate[d] to treatment from" his prior claim. Respondents also filed medical documents into evidence.

¶5        Shortly after granting Trey's hearing request, the ALJ specifically advised Trey of his responsibilities as a pro per party. The ALJ informed Trey by letter that "[i]f counsel for the employer or insurance carrier conducts discovery, you are expected to participate in it[,]" which "could include [appearing] at a deposition[.]"

¶6        Arguing that Respondents needed to conduct discovery to determine whether Trey's new injury claim alleging insect bites was for the same condition that was at issue in his February 2016 claim, Respondents sent a notice of deposition to Trey on July 18, 2017, scheduling a deposition for August 3, 2017. Trey did not appear for the deposition, however, and failed to provide an excuse for his absence. Consequently, Respondents asked the ALJ to compel Trey to cooperate with discovery, and the ALJ ordered Trey to attend a deposition on August 18, 2017. Trey asked that the deposition be held at a different time to accommodate his work schedule. Respondents rescheduled the deposition to August 29, 2017. The ALJ ordered Trey to attend the deposition on that date.

¶7        At the August 29 deposition, Trey refused to raise his right hand to take an oath and verbally assaulted the court reporter; the court reporter stated in a later affidavit that "[h]e admonished [her] that [she] w[ould] be personally responsible should he suffer a stroke or die by raising his right hand due to Raynaud's syndrome." She also explained that "he continued his verbally abusive monologue, with his left arm extended" and pointed his finger at both Respondents' counsel and her "in a very

---

2        Raynaud's syndrome is "Raynaud's disease (gangrene)," which is "a primary or idiopathic vascular disorder characterized by bilateral attacks of Raynaud's phenomenon." *Id.* at 461. Raynaud's phenomenon is "intermittent attacks of severe pallor of the fingers or toes and sometimes of the ears and nose, brought on characteristically by cold and sometimes emotion. When the condition is primary, i.e., without any causal disease, it is termed *Raynaud's disease.*" *Id.* at 1180.

threatening manner." After Trey's outburst, Respondents' counsel ended the deposition and then moved to dismiss Trey's hearing request.

¶8 In responding to the motion to dismiss, Trey submitted internet articles to the ALJ to support his contention that raising his arm would put him at risk of suffering a stroke. The ALJ determined, however, that "[n]one of the information provided support[ed] [Trey's] contention," and entered an award dismissing Trey's hearing request. The ALJ also noted that "[Trey's] behavior demonstrate[d] [a] pattern of non-compliance with procedural rules and Orders, which has prejudiced [Respondents'] ability to respond to [Trey's] claim." Trey timely requested administrative review, which was granted. The ALJ affirmed the award. Trey timely sought special action review in this Court.

## DISCUSSION

¶9 Trey argues that the ALJ abused her discretion by dismissing his hearing request as a sanction for his failure and refusal to participate in discovery.[3] An ALJ's sanction will be set aside only upon a clear showing of an abuse of discretion. *Nolden v. Indus. Comm'n*, 127 Ariz. 501, 504 (App. 1980). We review the evidence in a light most favorable to sustaining the award and we will not disturb an ICA decision that the evidence reasonably supports. *Lovitch v. Indus. Comm'n of Ariz.*, 202 Ariz. 102, 105 ¶ 16 (App. 2002).

¶10 Under A.A.C. R20–5–157(A), an ALJ has the discretion to impose various sanctions, including dismissal of a claimant's request for hearing, when the claimant fails to follow the ICA rules or comply with an ALJ's order. To dismiss a request for hearing, an ALJ must consider, in the procedural context of the hearing, whether (1) opposing counsel has acted with due diligence, (2) the claimant has a pattern of failing to cooperate with discovery, (3) the claimant has a reasonable explanation for failing to comply with discovery requests, (4) evidence supports the claimant's case, and (5) the employer has suffered prejudice. *See Brown v. Indus. Comm'n of Ariz.*, 154 Ariz. 252, 254 (App. 1987).

---

[3] In a separate motion, Trey moves to exclude all medical evidence Respondents have submitted. Because Trey's issue on appeal pertains to the propriety of dismissing his case as a sanction for Trey's lack of cooperation during the discovery process, the admissibility of the medical evidence is irrelevant. We therefore deny the motion.

¶11            The ALJ did not abuse her discretion because reasonable evidence supports the decision. First, Respondents acted with due diligence by providing adequate notice to Trey of his depositions and by honoring his accommodation request. *See* A.A.C. R20–5–142(A) ("A party may take the oral deposition of another party . . . by serving a Notice of Deposition . . . upon the deponent . . . at least 10 days before the date of the oral deposition.").

¶12            Second, Trey's failure to attend a duly noticed deposition, even after being ordered to do so, and lack of cooperation during the deposition that he did attend establish a pattern of non-compliance with discovery that the ALJ reasonably found prejudiced Respondents' ability to investigate his current claim for insect bites. Without taking Trey's testimony under oath, Respondents could not investigate how Trey's current claim differs from the claim that was the subject of his prior workers' compensation claim for insect bites.

¶13            Third, Trey failed to provide a reasonable explanation for his failure to comply with discovery. According to the record, he did not provide a timely excuse for his absence from the August 3 deposition and failed to support his contention that raising his arm to take an oath at the August 29 deposition would put him at risk of suffering a stroke. Furthermore, although Trey claims that he did not verbally assault the court reporter and that the statement she provided in her affidavit was not credible, this Court will not second-guess the ALJ's credibility determination. *See Holding v. Indus. Comm'n of Ariz.*, 139 Ariz. 548, 551 (App. 1984).

¶14            Fourth, as the ALJ noted, Trey failed to present any evidence supporting his current injury claim. He instead submitted medical documents that addressed only his earlier February 2016 claim. Considering the *Brown* factors, the record is sufficient to support the ALJ's dismissal of Trey's hearing request.

**CONCLUSION**

¶15       For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA