NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHAEL A. EMILIO, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

VIP CONSTRUCTION, INC., *Respondent Employer,*

AUTO-OWNERS INSURANCE COMPANY, *Respondent Carrier.*

No. 1 CA-IC 18-0064
FILED 4-30-2019

Special Action – Industrial Commission
ICA Claim No. 20180-050214
Carrier Claim No. 24500000012018
The Honorable Marceline A. Lavelle, Administrative Law Judge

**AWARD SET ASIDE**

COUNSEL

Chernoff Law Firm, Scottsdale
By Patricia A. Premeau
*Counsel for Petitioner Employee*

The Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent ICA*

Ristema & Lyon, PC, Denver, CO
By Kelly F. Kruegel
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

¶1        Michael Emilio appeals the Findings and Award Dismissing Request for Hearing and the decision upon review affirming the award of the Industrial Commission of Arizona ("ICA"). For the following reasons, we set aside the Award and the decision upon review.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        "We view the evidence in the light most favorable to affirming the [ICA]'s findings and award." *City of Tucson v. Indus. Comm'n*, 236 Ariz. 52, 54, ¶ 2 (App. 2014). Our review is limited to the evidence contained in the record. *Pac. Fruit Express v. Indus. Comm'n*, 153 Ariz. 210, 214 (1987).

¶3        On December 22, 2017, Emilio tripped and fell while stepping out of a construction trailer on a jobsite. He went to Mercy Gilbert Medical Center ("Mercy Gilbert") the next day complaining of pain in his left knee. The doctor at Mercy Gilbert diagnosed Emilio with a "[l]arge suprapatellar effusion" and osteoarthritis of the left knee, and prescribed pain relievers with no refills. Emilio filed a claim with the ICA the same day. Auto-Owners Insurance Company ("Auto-Owners"), on behalf of Emilio's employer VIP Construction, Inc., filed a notice of claim status denying Emilio's claim on January 26, 2018.

¶4        On April 3, 2018, Emilio requested a hearing to challenge Auto-Owners' denial of his claim, which the Administrative Law Judge ("ALJ") set for July 2. In the notice of hearing, the ALJ warned Emilio that "[i]f counsel for the employer or insurance carrier conducts discovery, you are expected to participate in it," and that "[f]ailure to participate in the discovery process could result in sanctions which could include dismissal

of your request for a hearing." The notice also alerted Emilio that he was free to engage an attorney to represent him.

**¶5**        On April 19, Auto-Owners served interrogatories and requests for production on Emilio and requested that he respond within 10 days as required by rule. *See* Ariz. Admin. Code ("A.A.C.") R20-5-144(C). Auto-Owners followed up on May 3, sending Emilio a letter again asking him to respond and setting a second deadline of May 13. On May 16, Auto-Owners moved the ALJ to compel Emilio to respond to the interrogatories and requests, and the ALJ issued an order the same day. The order required Emilio to respond to the interrogatories no later than May 23, 2018, and again admonished him that his request for a hearing might be dismissed if he failed to comply. It also stated that any dissatisfied party could request a review of the order within 30 days. Emilio did not respond to the interrogatories by May 23 and did not request review or otherwise respond to the motion to compel. On May 31, citing Emilio's failure to comply with the May 16 order, Auto-Owners filed a motion to dismiss his request for a hearing.

**¶6**        The ALJ issued her Findings and Award Dismissing Request for Hearing ("Award") the same day Auto-Owners filed its motion to dismiss. The ALJ found that Emilio "willfully failed to cooperate with pre-hearing discovery" and dismissed Emilio's request for a hearing, inferring that he had abandoned it.

**¶7**        On June 19, Emilio wrote the ALJ asking her to continue the by-then-dismissed hearing, stating that his attorney would be out of town on the hearing date and representing to the ALJ that he had served his answers to the interrogatories on June 9. The day after Emilio's letter was filed, and without receiving any response from Auto-Owners, the ALJ responded to Emilio. She noted that she had already dismissed Emilio's request for a hearing and directed him to the notice of appeal rights attached to the dismissal. On June 26, Emilio requested review, asking the ALJ to both "reinstate" his original hearing date and also grant him "an extension to obtain legal counsel."

**¶8**        The ALJ entered a Decision Upon Review ("Decision") on August 7. The Decision did not address the ALJ's earlier finding that Emilio had abandoned his request for a hearing, but instead noted that in the June 19 letter Emilio had represented that his counsel would be out of town, but then in the June 26 request for review he represented that he did not have counsel. The ALJ found that these inconsistencies "call[ed] into question the veracity and reliability of [Emilio's] representations to the ALJ." The ALJ

further found these explanations, even if true, were "not sufficient to excuse [Emilio's] failure to comply" with the order compelling him to respond to the interrogatories. The Decision did not address Emilio's assertion that he had responded to the interrogatories on June 9. Emilio timely petitioned this Court for a writ of certiorari. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 23-943(H), -951(A); Ariz. R. P. for Spec. Actions 10; *Watts v. Indus. Comm'n*, 180 Ariz. 512, 513 (1994).

**DISCUSSION**

**¶9**         An injured worker may request a hearing to contest an insurance carrier's denial of a compensation claim. A.R.S. §§ 23-941(A), -947(A), -1061(F); A.A.C. R20-5-135(A). After a claimant files a request for a hearing, any party may serve written interrogatories up until 40 days before the scheduled hearing date. A.A.C. R20-5-144(A). The receiving party "shall serve answers to the interrogatories upon all parties within 10 days after service." A.A.C. R20-5-144(C). If a party "refuses" to answer interrogatories, "the party serving the interrogatory may submit" them to the ALJ "and apply for an order compelling the answer." A.A.C. R20-5-145(B). The ALJ may order sanctions for failing to answer, including striking part or all of a document, suspending or forfeiting compensation, precluding admission of evidence, or dismissing "the action or proceeding, or any part of the action or proceeding." A.A.C. R20-5-145(E). This sanction power is in "addition to the sanctions authorized under R20-5-157," the general sanction regulation. *Id.*; *see* A.A.C. R20-5-157 (empowering ALJ to dismiss request for hearing, preclude evidence, or assess fees and costs).

**¶10**        In determining whether to dismiss a request for a hearing as a sanction for failure to comply with procedural rules, the ALJ should consider several factors, including: the party's explanation for the failure; whether the party showed a pattern of failure to cooperate; whether counsel acted with due diligence; whether the claimant offered some evidence to support the claim; whether the employer suffered prejudice; and the procedural context. *Brown v. Indus. Comm'n*, 154 Ariz. 252, 254–55 (App. 1987); *see also King v. Indus. Comm'n*, 160 Ariz. 161, 163 n.1 (App. 1989) (applying *Brown* framework to sanctions under A.A.C. R4-13-145 (later re-codified A.A.C. R20-5-145 by 1 Ariz. Admin. Reg. 491, 538 (eff. May 19, 1995))).

**¶11**        An ALJ's "imposition of a sanction will not be overturned absent a showing of abuse of discretion." *King*, 160 Ariz. at 163. Generally speaking, a judge abuses her discretion by committing an error of law or reaching a conclusion without "substantial evidence" to support it. *Varco,*

*Inc. v. UNS Electric, Inc.*, 242 Ariz. 166, 170, ¶ 12 (App. 2017). We review questions of law *de novo. Tapia v. Indus. Comm'n*, 245 Ariz. 258, 259, ¶ 5 (App. 2018). We hold self-represented litigants to the same standards as attorneys with respect to their familiarity with statutes, procedures, and rules, and we will not accept ignorance of the law as an excuse for failing to comply with it. *In re Marriage of Williams*, 219 Ariz. 546, 549, ¶ 13 (App. 2008) (citations omitted).

¶12        On review, the ALJ failed to correct the clearly erroneous finding in the Award that Emilio had abandoned his request for a hearing. After the ALJ issued the Award, Emilio responded to the interrogatories and wrote two letters to the ALJ explicitly reaffirming his desire for a hearing and asking the ALJ to "reinstate [his] hearing date." *See Stanwitz v. Reagan*, 245 Ariz. 344, 348, ¶ 13 (2018) (factual finding is clearly erroneous if not supported by either reasonable evidence or a reasonable conflict of evidence) (citation omitted). In the Decision, the ALJ did not address her earlier finding that Emilio had abandoned his request for a hearing. As stated above, though, she found Emilio had not offered a sufficient excuse for failing to comply with the order to compel and that his "conflicting assertions regarding representation by counsel calls into question the veracity and reliability of his representations." Importantly, the record does not show that the ALJ reviewed the *Brown* factors after her earlier factual finding on abandonment was revealed to be clearly erroneous.

¶13        Emilio's behavior might support imposition of some sanction. Dismissal of a request for a hearing, however, is the "ultimate sanction," and we afford less discretion when an ALJ has imposed that sanction than we do for others. *J-R Const. Co. v. Paddock Pool Const. Co.*, 128 Ariz. 343, 344–45 (App. 1981); *see also King*, 160 Ariz. at 164 (applying civil procedure reasoning to Industrial Commission procedure). The record does not disclose any procedural reason why the hearing could not have been continued and, most significantly, the carrier does not assert it was prejudiced by Emilio's tardy interrogatory responses. Nor does Auto-Owners assert it would have been prejudiced by a continuance of the hearing. Given the record here, the ultimate sanction of dismissal was not warranted. *See Unisource Corp. v. Indus. Comm'n*, 184 Ariz. 451, 455 (App. 1995) (dismissal inappropriate where *Brown* factors weigh equally in each direction).

¶14        In the Award, the ALJ cited *Brown* in analyzing clearly erroneous facts. In the Decision, the ALJ affirmed the Award without reanalyzing the situation based on correct facts. It is clear, then, that the Award was factually infirm and the Decision was legally infirm. Each

represents an abuse of discretion. *Varco, Inc*, 242 Ariz. at 170, ¶ 12. We must therefore set aside the Award and the Decision. A.R.S. § 23-951(D). "[B]oth parties are entitled to a complete hearing [d]e novo on all issues which have not previously become final." *Glover v. Indus. Comm'n*, 23 Ariz.App 187, 188 (1975); *see also Arrowhead Press, Inc. v. Indus. Comm'n*, 134 Ariz. 21, 24–25 (App. 1982).

**CONCLUSION**

¶15   For the foregoing reasons, we set aside the Award and the Decision.



AMY M. WOOD • Clerk of the Court
FILED: AA