NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DIANA DODSON, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ST. JOSEPH'S HOSPITAL & MEDICAL CENTER, *Respondent Employer,*

DIGNITY HEALTH/SEDGWICK, *Respondent Carrier.*

No. 1 CA-IC 14-0087
FILED 12-17-2015

Special Action - Industrial Commission
ICA Claim No. 20140-690358
Carrier Claim No. 201485138
Anthony F. Halas, Administrative Law Judge

**AFFIRMED**

COUNSEL

Jack Levine, P.C., Phoenix
By Jack Levine
*Counsel for Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By K. Casey Kurth
*Counsel for Respondents Employer and Carri*er

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

**¶1**      This is a special action review of an Industrial Commission of Arizona (ICA) award and decision upon review by an administrative law judge (ALJ) dismissing a request for hearing. Claimant Diana Dodson alleges the dismissal was an abuse of discretion and an improper consequence for her failure to appear and provide any evidence supporting her claim. Because Dodson has shown no error, the award is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**      Dodson claims she sustained a mental injury on December 1, 2008 while employed by respondent employer St. Joseph's Hospital & Medical Center. Dodson's workers' compensation claim, filed in 2014, was denied by the respondent carrier Dignity Health/Sedgwick. Dodson timely challenged that denial, and in mid-June 2014, the ALJ set a hearing for September 25, 2014. Dodson was self-represented during much of the time the matter was pending with the ICA. At Dignity's request, the ALJ reset the hearing to September 24, 2014 (the day before the original September 25 2014 setting) in a written notice dated June 24, 2014 that was timely served on Dodson.

**¶3**      Dodson and Dignity then listed witnesses and undertook various other prehearing activities. Although Dignity filed its records into evidence as required, Dodson did not. *See* Arizona Administrative Code (A.A.C.) R20-5-155 (2015).[1] Dignity raised affirmative defenses challenging the timeliness of Dodson's claim. *See* Ariz. Rev. Stat. (A.R.S.) § 23-1061 (one year limitations period for workers' compensation claims); A.R.S. § 23-908

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

(claimant must "forthwith report the accident and the injury resulting therefrom to the employer"). In a detailed July 18, 2014 letter to Dodson, the ALJ reminded Dodson of, among other things, the September 24, 2014 hearing date, the affirmative defenses raised by Dignity and that Dodson had the burden of presenting evidence to show her claim was timely and referenced resources that Dodson could access to better understand the hearing process.

¶4        Dodson failed to appear for the September 24, 2014 hearing. At that hearing, the ALJ granted Dignity's motion to dismiss. In a written decision entered that same day, the ALJ noted Dodson failed to appear at the properly-noticed hearing, did not provide any explanation or good cause for that failure and, accordingly, found Dodson abandoned her hearing request and dismissed that request. The next day (September 25, 2014), Dodson had an attorney file a notice of appearance on her behalf and timely requested administrative review, stating Dodson's counsel:

> was not representing [Dodson] at the time the hearing date in this matter was rescheduled and was not advised, nor did he notice the change of date of the hearing when he reviewed [Dodson's] file after agreeing to represent her.

After considering the request and reconsidering the "file, records and all matters hereunto appertaining," the ALJ affirmed the award. This court has jurisdiction over Dodson's timely request for review pursuant to A.R.S. §§ 12-120.21(A)(2), 23-951(A), and Arizona Rules of Procedure for Special Actions 10.

## DISCUSSION

¶5        Workers' compensation proceedings are conducted so as to "achieve substantial justice." A.R.S. § 23-941(F). A claimant must personally appear at ICA hearings, unless excused from doing so by the ALJ. *See* A.A.C. R20-5-149.A. If a party fails to comply with applicable rules or orders, the ALJ has the discretion to, among other things, dismiss a request for hearing or preclude the introduction of evidence. *See* A.A.C. R20-5-157.A. Although a party may be relieved of such consequences for good cause shown, A.A.C. R20-5-157.B, this court will affirm consequences imposed by an ALJ absent an abuse of discretion, *see Nolden v. Industrial Commission*, 127 Ariz. 501, 503-04 (App. 1980).

3

¶6            As the ALJ recognized, deciding that Dodson abandoned her request for hearing required the examination of various factors, including whether: (1) there was a pattern of failing to cooperate; (2) Dodson acted with due diligence; (3) evidence has been presented to support Dodson's case; (4) the explanation for the failure to comply is reasonable; (5) the opposing party has suffered prejudice; and (6) the failure to comply imposes an unwarranted administrative burden. *See Brown v. Indus. Comm'n*, 154 Ariz. 252, 254 (App. 1987); *King v. Indus. Comm'n*, 160 Ariz. 161, 163 (App. 1989). As applied, the ALJ found:

> I have weighed the factors that are relevant and material [including the *Brown* factors], and I determine and conclude that applicant Dodson's unexcused failure to attend the hearing and provide testimony, or to provide any other evidence in support of her Request for Hearing, or to provide any evidence in opposition to the affirmative defenses raised . . . , evidences an abandonment of her Request for Hearing.

The ALJ also found Dodson did not show good cause sufficient to relieve her of that consequence.

¶7            The record shows Dodson failed to provide evidence to support her industrial injury claim or to refute the affirmative defenses raised by Dignity, notwithstanding the requirement that she do so. Dodson's failures also could support a conclusion that she did not act with due diligence, and she did not provide any reason for her failures. By contrast**,** Dignity timely filed evidence (the only evidence presented to the ALJ), consisting of Dodson's employment and medical records. Although Dodson claims she sustained a mental injury on December 1, 2008, the records filed by Dignity show significant mental health issues beginning in 2005**.** Dodson's employment records document repeated difficulties with her job performance as a dental assistant and two requests in 2007 for leave under the Family Medical Leave Act (FMLA). The documents also indicate Dodson resigned from her employment on January 2, 2008 – nearly a year before the alleged industrial injury – stating "I … will not return to work from my FMLA due to Dr. advisement." Dodson also waited more than six years after her employment ended to file her claim, long after the one-year limitations period. This delay undoubtedly would prejudice the ability to investigate her claim. Finally, although Dodson's failures may not have imposed an unwarranted administrative burden, requiring that another

4

hearing be set may have done so, particularly given the evidentiary and procedural flaws in her claim. For all of these reasons, Dodson has not shown that the ALJ abused his discretion by finding that she had abandoned her request for hearing.

## CONCLUSION

¶8          Because Dodson has shown no error, the award is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama